JOHN C. LATTIN, Appellant, *v.* MICHAEL McCARTY, Respondent, impleaded with DAVID L. STANFORD, NELSON FITCH and FRANKLIN L. GRISWOLD.

An equitable cause of action to remove as a cloud upon the plaintiff's title, a deed given by mistake by a third party to the defendant, under which, having fraudulently obtained possession by connivance with the plaintiff's tenant, he claims to hold as owner; and a claim to recover the possession of the premises may be united in the same action and asserted in the same complaint.

Accordingly, where the complaint alleged that the defendant, having at one time held a contract from C. for the conveyance of certain premises, which contract he afterward assigned to S., and that S., erroneously supposing he had obtained from the defendant a deed instead of a mere assignment of a contract, mortgaged the property to F., who foreclosed and bidding it in conveyed to the plaintiff; and that S., in the meantime having for the purpose of completing his supposed title, paid up the contract to C., took a deed from the latter to the defendant and put it on record; and that the defendant learning of the existence of this deed, having bribed the plaintiff's tenant to give him possession, claims title under that deed against the plaintiff and withholds possession.—*Held*, that upon such allegations a prayer for the recovery of the possession, and that the defendant be required to quit-claim to the plaintiff, or be forever enjoined and barred from setting up or asserting his pretended title under the deed from C. were properly united, and that both kinds of relief might be obtained in the same action.

*Philips* v. *Gorham* (17 N. Y., 270), commented upon and followed.

(Argued June 17th, 1869, decided September 24th, 1869.)

APPEAL by the plaintiff from the judgment of the General Term of the Supreme Court in the fifth district, affirming a judgment of the Special Term sustaining a demurrer to the complaint. The demurrer was at first stricken out as frivolous at Special Term in the seventh district; but on appeal to the General Term, this was reversed (17 How., 140), and the demurrer then argued at the Special Term in the fifth district with the result already stated.

A deed of certain premises in the city of Auburn, was executed by E. Corning, to the defendant, *Michael McCarty*, at the request of *Stanford*, who had purchased the premises

of McCarty, and for the sole purpose of completing his (Stanford's) claim of title.

This deed was delivered to *Stanford* (and never to McCarty), with that intent, and by Stanford deposited for record in the clerk's office.

At this time Stanford had mortgaged to Fitch & Griswold, who had foreclosed and conveyed to *Lattin*, the plaintiff, who had repaired the premises and put in a tenant.

McCarty somehow heard that there was a deed from Corning to him, recorded in the office; and he went to the tenant and bribed him to leave, took possession himself, now holds adversely to plaintiff, and claims to own the premises by virtue of that deed.

McCarty's former interest in the premises, was under a *contract* from Corning to him; and in selling out to *Stanford* he had only assigned the contract, and Stanford, thinking McCarty had *deeded* to him, originated the mistake in getting and recording a deed from Corning to McCarty. These facts were set up in detail in the complaint.

The relief asked for by plaintiff is:

1st. Possession.

2d. A conveyance of McCarty's apparent title, by quit claim or otherwise, &c., and that he be forever barred from setting up or asserting his pretended title.

McCarty's demurrer is on the ground:

1st. That the complaint does not set out facts sufficient to constitute a cause of action.

2d. That there is a defect of parties defendants.

3d. That several separate and distinct causes of action have been improperly united.

The case below is reported in 17 How., 240, 8 Abb., 225.

*Samuel Hand* and *James R. Cox*, for the appellant, cited *Philips* v. *Gorham* (17 N. Y., 271); *N. H. R. R.* v. *Schuyler* (17 N. Y., 592); *Dobson* v. *Pearce* (12 N. Y., 165); *Crary* v. *Goodman* (12 id., 268); *Bidwell* v. *Astor Ins. Co.* (16 N. Y.,

267); *Lamb* v. *Buckmiller* (17 N. Y., 627); *Reuben* v. *Joel* (3 Kern., 488).

*John T. Pingree*, for the respondent.

HUNT, Ch. J. The demurrer of the defendant, McCarty, was sustained, on the ground that inconsistent causes of action were included in the complaint. This decision was erroneous.

1. The complaint contains but a single cause of action, to wit: For relief against the deed under which McCarty fraudulently obtained possession. It is quite true that while the purpose of the complaint is single, it seeks to accomplish that result by several operations. It seeks to have the fraudulent deed set aside, and when that is done, it will follow that, the plaintiff shall be awarded the possession of the property. The first is a means simply of obtaining the second. The one is the cause of action; the other is the fruit of the action. It is said that the two causes of action are: First, to vacate the fraudulent deed, and second, an action of ejectment to obtain the possession of the premises. Not so. The plaintiff has no legal title to the premises, and admits that he cannot sustain an action of ejectment, for that reason. His cause of action is simply to vacate the deed. If that is done, he insists, as a result, that the court will at once award him the possession of the property. It would be unreasonable, he argues, to compel him to resort to another action to obtain that to which he is clearly entitled, and which the court may award in the action before it. I think the reasoning is sound.

2. Assuming that the complaint does contain the two causes of action, as is insisted, the judgment was still erroneous. The argument principally relied upon to sustain the demurrer, is this, that the two causes of action are of different characters; one, an action of ejectment, being an action at law, the other an action to set aside a deed as fraudulent, and of an equitable nature; that the latter may be tried by the court, while in the former, the party is entitled to have his case passed upon by a jury. The codifiers labored assiduously to anticipate and to

overrule this objection. They recited in the preface to the Code, that "it is expedient that the present forms of actions and pleadings, in cases at common law, should be abolished; that the distinction between legal and equitable proceedings, should no longer continue; and that an uniform course of proceeding in all cases should be established." In section 69 (original section 62), it is further enacted that "the distinction between · actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished; and there shall be in this State, hereafter, but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action." And in section 167, it is provided, "that the plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both," under the conditions therein specified. In these provisions and in others, the distinction between legal and equitable causes of action, is recognized. There is no attempt to abolish this distinction, which would be quite unavailing. The attempt is to abolish the distinction between the forms of action and the modes of proceeding in the several cases. The difficulty under consideration has also been expressly overruled in this court, in the cases that I shall presently cite.

The case of *Phillips* v. *Gorham* (17 N. Y. R., 270), is an authority in favor of the plaintiff. It was there held that in an action to recover specific real property, the plaintiff may attack a deed under which the defendant claims title, as well upon grounds cognizable at law, as upon those cognizable in a court of chancery, and that such proceedings can be had and heard in a single suit. This conclusion was reached after an able and learned opinion by JOHNSON, chief judge, in which both the provisions of the Constitution and the Code are fully considered.

In *Lamb* v. *Buckmiller* (17 N. Y. R., 626), ROOSEVELT, J., in delivering the opinion of the court, says: "I shall assume, as has been several times decided, that legal and equitable

relief may be asked for in one action, and that the plaintiff claiming under a defective deed, and showing sufficient grounds for its reform, may have the same remedy as if he had brought two actions, one to reform the instrument, the other to enforce it as reformed."

*Bidwell* v. *The Astor Mutual Ins. Co.* (16 N. Y. R., 263), was an action to reform a policy of insurance, and to recover damages for the breach of the contract so reformed in the same action. On the proposition that an action should be brought to reform the policy, and that a separate action should be brought to recover the damages, the court says : " There was nothing in the objection that the court should have stopped with reforming the policy, and turned the plaintiff over to a new action to recover their damages. The rule of courts of equity was, when they had acquired jurisdiction and had the whole merits before them, to proceed and do complete justice between the parties." (Page 267.)

*The New York Ice Company* v. *The Northwestern Insurance Co.* (23 N. Y. R., 357), was also an action to reform a policy of insurance and to recover damages. In giving what appears to be the unanimous opinion of the court, COMSTOCK, J., uses this language : " It was erroneous to turn the plaintiff out of court on the mere ground that he had not entitled himself to the equitable relief demanded, if there was enough left of his case to recover the sum in which he was insured." In discussing *Reubens* v. *Joel* (3 Kern., 488), he adds : " The doctrine of the previous cases favorable to uniting in the same action legal and equitable grounds of relief, was not intended to be disturbed, and a case in this court of a later date has reaffirmed that doctrine in the most explicit manner. (*Phillips* v. *Gorham*, 17 N. Y. R., 270.) In this case the point was very distinctly presented, and it was decided upon the fullest consideration. I think it proper to mention that the reason why I expressed no opinion in the case was, that I hesitated in regard to the power of the legislature, under the Constitution, to abrogate all distinctions between legal and equitable actions. That such was the expressed intention of

the legislature in the Code of Procedure, I never had any doubt. Both of these questions must now be considered at rest." (Page 360.)

I can find no countenance for this demurrer in the allegation that the causes of action, assuming that there are two, are improperly united in the same complaint. (Section 144.) The joinder of several causes of action is expressly authorized, whether legal or equitable in their character, or both, where they both arise out of the same transaction, or transactions connected with the same subject of action. (Section 167.) Such is the present case. The transaction is one out of which both causes of action arise. By the agreement between the plaintiff and McCarty, the former was entitled to the deed from Mr. Corning of the premises in question. By the error of the plaintiff and the fraud of McCarty the latter obtained this deed himself. The plaintiff now seeks to have the title transferred to himself through a correction of these wrongs. Both claims are harmonious and consistent with each other. They arise out of the same transaction, or certainly out of transactions connected with the same subject of action.

Judgment of the General and Special Term should be reversed.

DANIELS, J., also read an opinion for reversal.
All the judges concurring, judgment reversed.

NOTE.—The question suggested in the above opinion as to the constitu tional power to unite legal and equitable causes of action, with reference to the right of trial by jury, received some incidental consideration in the case of *Bradley* v. *Aldrich* (1 Hand, 510). It seems pretty clear that where legal and equitable causes of action are united under the Code, as to the former, on the trial of the cause, the issues must be submitted to a jury. *Vide* above case.—[Rep.]