WALTER J. WELCH, APPELLANT, v. EDWARD C. PLATT, RESPONDENT.

*Appeal — does not lie from an order sustaining a demurrer — when the facts stated in a complaint constitute but a single cause of action.*

No appeal lies to the General Term from an order sustaining a demurrer to the complaint; the appeal must be taken from the judgment entered thereon.

The complaint alleged, as a first cause of action, an usurious loan of money, and the execution and delivery of a chattel mortgage to secure it; that the mortgage was void and that it should be surrendered and canceled. It then set forth, as a second cause of action, that the plaintiff owned certain articles of personal property which were included in the said mortgage; that the defendant, without process of law, wrongfully took this property from the possession of the plaintiff and unjustly detained it.

*Held*, that the complaint set forth but a single cause of action, for the taking and conversion of the property. That the statements as to the loan and chattel mortgage were made to disclose the plaintiff's title to the property, and amounted, legally, simply to an allegation of their ownership by him.

APPEAL from an order made at a Special Term sustaining a demurrer to the complaint.

*W. J. Hardy*, for the appellant.

*William Wheeler*, for the respondent.

DANIELS, J.:

While an appeal has been taken from the order, and as such could not regularly be heard under the provisions of the present Code, it was agreed upon the argument by the counsel that it should be considered an appeal from an interlocutory judgment, in order to have the point involved decided without any further delay.

The question therefore is presented whether the demurrer should have been sustained, as it was, on the trial at Special Term. The objection taken by it was that the complaint improperly united two causes of action. It set forth a usurious loan of money, the execution and delivery of a chattel mortgage to secure the loan, and alleged it to be void on that ground, and that it should be surrendered up and canceled. The complaint then proceeds to allege that the plaintiff was the owner of one sorrel gelding, two side bar wagons, one single and one double harness, which were included in the mortgage, and that the defendant without process of law wrongfully took this property from the possession of the plaintiff and unjustly detained it to the damage of the plaintiff in the sum of $3,000. These facts present but one cause of action, and that is for the taking and conversion of the property. The action has been brought solely for that, and the relief demanded is the recovery of its value. The preceding statements concerning the loan and the chattel mortgage are made to disclose the plaintiff's title to the property and his right to maintain the action for its conversion. Legally it was no more than alleging that the plaintiff was the owner of the property, for the taking and conversion of which the action was brought. Instead of making a brief statement of that fact, the circumstances themselves upon which it was intended to maintain it, are set forth in detail in the complaint. But their effect was no greater than would have been a general allegation of ownership of the property, and together with the taking and conversion, presented but one cause of action. The case in this respect is within the

principle of *Lattin* v. *McCarty* (41 N. Y., 107), and *Smith* v. *Schulting* (14 Hun, 52). And it materially differs from those of *Higgins* v. *Chrichton* (63 How., 354), and *Sullivan* v. *New York and New Haven Railroad Company* (1 McCarty's Civil Pro., 285). There would have been no difficulty in the adoption of this view of the pleading by the defendant's counsel, if it had not been for the division of the statement made of the plaintiff's right of action in the complaint. After setting forth the loan, the usury, and the mortgage, the complaint stated the residue of the right of action as a second cause of action, and it was probably because of that statement that the demurrer was interposed. While this should not have been inserted in the complaint, it still by the division did not make two causes of action of the facts which in judgment of law created but one. Notwithstanding this division but a single cause of action was set forth in the complaint.

The order and judgment should be reversed, and judgment on the demurrer ordered for the plaintiff, but as the complaint was so framed as to invite the demurrer served on behalf of the defendant, the costs of the appeal should abide the event of the action, with leave to defendant to answer in twenty days on the usual terms.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed and judgment ordered for plaintiff on demurrer, with leave to defendant to answer in twenty days on the usual terms.