Lawrence, J.
The demurrer interposed to the complaint, by the defendant, Herman Henderson, should, in my opinion, be overruled. It seems to me that the complaint states but one cause of action, to wit, that the trust sought to be created by the testator is void for the reáson that it illegally suspends the power of alienation of the property described in the complaint, and that, therefore, such property descends to his heirs at law.
_ The contention of the plaintiff, I understand, is that if the trust is void, no estate passed to the executors, and that the heirs at law are, therefore, entitled to an immediate partition of the property. .
Such being the case, it cannot be said, that by asking for relief against the deed from the executors to the defendants, Travers, the plaintiff, has improperly united two causes of action, or that the cause of action stated in the complaint does not affect all the defendants. Code, sec. 484.
The defendants, Travers, have no title to the property conveyed if the deed from the executors was void, and they are affected by the construction which may be given to the will as respects the trust, as well as, although not to the same extent, as all the other defendants. If this is so, the cause or causes of action stated m the complaint affect all the parties to the action as required by the Code. Section 484.
The case of Hammond v. Cockle (2 Hun, 495), and Lattin v. McCarty (41 N. Y., 107), cited by the plaintiff’s counsel, seem to be peculiarly in point. In the former case it was alleged that one Siphorus Hammond made a deed of certain premises to his wife, Lavina, the delivery of the *198 deed to take effect only on Ms death; that said arrangement was rescinded by mutual agreement; that Hammond made provision for his said wife by will; that Lavrna died, and Hammond married the plaintiff and made another will, by which he devised one undivided fourth part of the premises to her, and the residue to the defendants; that Hammond died and his will was duly proved; and that the defendants, havmg obtained possession of the deed executed in favor of the first wife, caused the date of the acknowledgment to be altered and then recorded the deed and claimed to own the premises in fee as heirs of the first wife.
In the complaint the plaintiff prayed that the said deed be set aside; that the premises be partitioned and the widow’s dower set off to her. The defendants demurred because of the joinder of three distmct causes of action, not arising out of the same transaction, connected with the same subject-matter.
Mullir, P. J., in delivering the opinion of the court, said:
‘ ‘ The complaint does not contain three distinct and independent eauses of action. It presents a case in which the plaintiff is or may be entitled to three kinds of relief upon the same state of facts. A court of equity havmg obtained jurisdiction of a cause, would grant such relief as the parties showed themselves to be entitled to, and for that purpose would entertain jurisdiction of cases which appropriately belonged to courts of law, in order to avoid multiplicity of suits. The court at the trial will determine how much of the relief demanded can properly be granted.”
The latter case was an equitable action brought to remove as a cloud upon the plaintiff’s title a deed given by mistake by a third party to the defendant, under which, having fraudulently obtained possession by connivance with the plaintiff’s tenant, the defendant claimed to hold as owner. The plaintiff also claimed in his complaint to recover possession of the premises.
The defendant demurred on the ground that several separate and distinct causes of action had been improperly united in the complaint.
The demurrer was sustained at the special and general terms, but on an appeal to the court of appeals, the judgment of the courts below were reversed. Hurt, 0. J., says, in delivermg the opimon of the court: “First. The complaint contains but a single cause of action, to wit: For relief against the deed under which McCarty fraudulently obtained possession. It is quite true that while the purpose of the complaint is smgle, it seeks to accomplish that result by several operations It seeks to have the fraudulent deed set aside, and when that is done, it will follow *199 that the plaintiff shall be awarded the possession of the property. The first is a means simply of obtaining the second. The one is the cause of action; the other is the fruit of the action. It said that the two causes of action are: First, to vacate the fraudulent deed; and second, an action of ejectment to obtain possession of the premises. Not so. The plaintiff has no legal title to the premises, and admits that he cannot sustain an action of ejectment for that reason. His cause of action is simply to vacate the deed. If that is done he insists, as a result, that the court will at once award him the possession of the property. It would be unreasonable, he argues, to compel him to resort to another action to obtain that to which he is clearly entitled, and which the court may award in the action before it. I think the reasoning is sound.”
See, also, Garner v. Harmony Mills, 6 Abbott’s N. C., 212; Cahoun v. Bank of Utica, 7 N. Y., 486.
The case of Manolt v. Brush, decided by me and reported by me in the Daily Register of June 13th, 1881, cited by the •defendant’s counsel, is not adverse to the views above expressed. It was held in that case that the parties must be tenants in common, or joint tenants of all the lands intended to be divided.
In this case, if the trust sought to be created by the will of the testator is void, the heirs-at-law' who are made parties to the action are tenants in common of all the real property described in the complaint, and the conveyance to the defendant Travers is a mere incident which the plaintiff prays may be set aside in order that a partition may be made between the heirs-at-law of the decedent.
The cases above referred to seem to me to establish that in asking such relief the plaintiff has not united inconsistent causes of action.
There must be judgment for the plaintiff, therefore, overruling the demurrer, with leave to the defendant to answer upon payment of costs.