Binghamton Opera House Company, Appellant, *v.* City of Binghamton, Respondent.

1. Ejectment — Premises Taken by Municipality — Attack upon Condemnation Proceeding Defeated by Acts Recognizing its Validity. An action in ejectment against a municipality to recover premises taken by it for street purposes under a condemnation proceeding, and attacking the legality of the proceeding, is defeated by conclusive findings that the plaintiff had claimed the award made in the proceeding, and that, on the claim being disputed, the defendant had deposited the amount in court, as authorized by its charter; that thereafter the defendant lawfully and with the assent of the plaintiff entered upon the land and opened and worked the street, and that this was the only possession of the premises by the defendant; that the plaintiff had deeded to the defendant property which had been taken in the condemnation proceeding, adjoining the premises in suit, had received the award therefor, and had removed a building from the premises in suit, electing not to accept the appraised value thereof.

2. Award in Condemnation Proceeding — Remedy Provided by Charter. Such an action in ejectment against a municipality is not aided by the claim that its object is to insure the plaintiff's right to the disputed award, when a ready way for the accomplishment of that object is provided by the defendant's charter.

3. Appeal — Correction of Record. The Court of Appeals cannot correct an improper insertion of findings in the original case on appeal.

*Binghamton Opera House Co.* v. *City of Binghamton,* 88 Hun, 620, affirmed.

(Argued June 15, 1898; decided October 4, 1898.)

Appeal from a judgment of the late General Term of the Supreme Court in the fourth judicial department, entered August 7, 1895, affirming a judgment in favor of defendant entered upon a decision of the court dismissing plaintiff's complaint upon the merits, on trial at Circuit, a jury having been waived.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. D. Wales* for appellant. Certain findings should be stricken from the case under the terms of the stipulation made. (L. 1888, ch. 214, tit. 7, § 10, p. 350; *Leonard* v. *Spencer,*

108 N. Y. 338.) The deposit of the Patterson award with the county clerk failed utterly to comply with the provisions of the statute (City Charter, tit. 7, § 10; Laws of 1888, p. 350) regulating such tender; it was, therefore, a void act and conferred no rights upon the city, and the taking possession of the street by the city under the resolution of November 14, 1892, was, therefore, unwarranted and illegal. (*Birdsall* v. *Clark*, 73 N. Y. 73; *Matter of City of Buffalo*, 78 N. Y. 368; *Lake* v. *Trustees of Williamsburgh*, 4 Den. 523; *Sage* v. *City of Brooklyn*, 89 N. Y. 189; *Hatch* v. *Mayor, etc.*, 82 N. Y. 436; *People ex rel.* v. *Suprs. Otsego Co.*, 51 N. Y. 401; *People ex rel.* v. *Suprs. Liv. Co.*, 68 N. Y. 114; *Hagadorn* v. *Raux*, 72 N. Y. 583; *Merritt* v. *Vil. of Portchester*, 71 N. Y. 309; *Newell* v. *Wheeler*, 48 N. Y. 487, 490; *Peyser* v. *Mayor, etc.*, 70 N. Y. 497; *Gilmore* v. *City of Utica*, 15 N. Y. Supp. 274.) All of the proceedings of the city to condemn the land were illegal and void and conferred no rights upon the city as against the trust company on its foreclosure of the Pattersons' lands. (*Matter of City of Buffalo*, 78 N. Y. 362; Mills on Em. Domain, § 101; *Matter N. Y. & O. M. R. R. Co.*, 40 How. Pr. 335; *Rhemier* v. *Union*, 31 Minn. 289; *Merritt* v. *Vil. of Portchester*, 71 N. Y. 309; L. 1888, ch. 214, § 2, tit. 1, p. 347; § 5, p. 348; Code Civ. Pro. § 767; *Lovatt* v. *Watson*, 35 Hun, 553; *Smith* v. *Spalding*, 3 Robt. 615; *Adams* v. *Nellis*, 59 How. 385; Cooley on Const. Lim. 355; *Newell* v. *Wheeler*, 48 N. Y. 487, 490; *Peyser* v. *Mayor, etc.*, 70 N. Y. 497; *Gilmore* v. *City of Utica*, 15 N. Y. Supp. 274; *Olcott* v. *Robinson*, 21 N. Y. 150; *Sheldon* v. *Wright*, 5 N. Y. 497; *Wood* v. *Morehouse*, 45 N. Y. 375; *Chamberlain* v. *Dempsey*, 22 How. Pr. 356; *S. C.*, 13 Abb. Pr. 421; *Bachelor* v. *Bachelor*, 1 Mass. 255; *Soule* v. *Chase*, 1 Robt. 233; *Wood* v. *Terry*, 4 Lans. 80; *Steinle* v. *Bell*, 12 Abb. Pr. [N. S.] 171; *Howard* v. *Hatch*, 29 Barb. 297.) By the foreclosure the Opera House Company got all the interests of the mortgagor and mortgagee, the entire equity of redemption, as the same existed on the 12th day of September, 1892, and no proceeding thereafter taken by the

city could in any way affect the parties to this foreclosure. (*Rector, etc.,* v. *Mack*, 93 N. Y. 488; *Mygatt* v. *Coe*, 88 N. Y. S. R. 434; *Kursheedt* v. *U. D. S. Inst.*, 118 N. Y. 358; *Batterman* v. *Albright*, 6 N. Y. S. R. 334; *Fuller* v. *Scribner*, 76 N. Y. 190; *Stevenson* v. *Fairweather*, 21 How. Pr. 449.) There has been no waiver on the part of the Opera House Company precluding it from insisting upon the invalidity of the condemnation proceedings, and as against the Opera House Company the city has acquired no right whatever to the so-called "Patterson" lands. (L. 1888, ch. 214, tit. 7, § 1, p. 346; *C. N. Bank* v. *Clark*, 139 N. Y. 307; *Patterson* v. *City of Binghamton*, 154 N. Y. 391; *Leonard* v. *Spencer*, 108 N. Y. 338; *Burk* v. *Ayers*, 19 Hun, 23; 2 Herman on Estoppel, §§ 809, 820, 821, 890, 1012; *Wedge* v. *Moore*, 6 Cush. 8; *Ward* v. *McIntosh*, 12 Ohio St. 231; *Round Lake Assn.* v. *Kellogg*, 141 N. Y. 348; *Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528; *Merritt* v. *Vil. of Portchester*, 71 N. Y. 309; *Decker* v. *Sexton*, 19 Misc. Rep. 59; *Matter of Comrs. of Washington Park*, 56 N. Y. 150; *Hill* v. *Hill*, 4 Barb. 419; *Jackson* v. *Spear*, 7 Wend. 401; *Jackson* v. *Leek*, 12 Wend. 105; *Osterhout* v. *Shoemaker*, 3 Hill, 513; *Sparrow* v. *Kingman*, 1 N. Y. 246; *Glen* v. *Gibson*, 9 Barb. 634; *Green* v. *Collins*, 86 N. Y. 250, 251; *Douglas* v. *Cruger*, 80 N. Y. 19, 20; *Lee* v. *Adsit*, 37 N. Y. 95.) There has been no consent of the Opera House Company that the city might take possession of the Patterson lands. (108 N. Y. 338.) The plaintiff can maintain ejectment. (*Eels* v. *A. T. & T. Co.*, 143 N. Y. 133; *Goodlittle* v. *Aker*, 1 Burr, 133; *Jackson* v. *Hathaway*, 15 Johns. 447; *Mayor, etc.*, v. *Law*, 125 N. Y. 380; L. 1888, ch. 214, § 1, pp. 346, 349; § 10, p. 350; *Wells* v. *Howell*, 19 Johns. 385; *Le Barren* v. *Babcock*, 46 Hun, 598; *Hale* v. *Omaha Nat. Bank*, 49 N. Y. 626; *Bell* v. *Merrifield*, 109 N. Y. 202; *Bergman* v. *Solman*, 61 N. Y. S. R. 449.)

*Alex. Cumming* for respondent. The right to the award was disputed, and the act of defendant in paying the amount

awarded to the clerk of the county of Broome, as clerk of the Supreme Court, with a copy of the resolution of the common council, was a compliance with the provisions of section 10, title 7, of the charter, and a defense to this action. (Dillon on Mun. Corp. §§ 94, 993 ; *Railroad Co.* v. *Mayor, etc., N. Y.,* 1 Hilt. 562 ; *Heiser* v. *Mayor, etc., N. Y.,* 104 N. Y. 68 ; *Patterson* v. *City of Binghamton,* 154 N. Y. 391 ; 39 N. Y. Supp. 408 ; 4 App. Div. 615 ; 88 Hun, 272 ; *Cassidy* v. *Mayor, etc., N. Y.,* 62 Hun, 358 ; *Lansing* v. *Smith,* 4 Wend. 10 ; *People* v. *Earl,* 16 Abb. [N. S.] 64 ; *Swift* v. *Mayor, etc., of N. Y.,* 83 N. Y. 528 ; *Donnelly* v. *City of Brooklyn,* 121 N. Y. 9 ; *Matter of Church,* 92 N. Y. 1, 6 ; *Stuart* v. *Palmer,* 74 N. Y. 185.) Should the question discussed in point one be waived, mandamus and not action would be the proper and only remedy. (*Matter of Church,* 92 N. Y. 1, 6 ; *Swift* v. *Mayor, etc., N. Y.,* 83 N.Y. 528 ; *Donnelly* v. *City of Brooklyn,* 121 N. Y. 9 ; *People* v. *Earl,* 16 Abb. [N. S.] 64 ; *People* v. *Brennan,* 45 Barb. 457.) Defendant acquired jurisdiction under the proceedings to appropriate the land, and the right to enter on and construct the street. (Herman on Estoppel, 251 ; *Walrath* v. *Redfield,* 18 N. Y. 457 ; *Clute* v. *Jones,* 28 N. Y. 280 ; *Patterson* v. *City of Binghamton,* 154 N. Y. 391.) The plaintiff consented to and acquiesced in the laying out and opening of the street by the defendant, which precludes it from questioning defendant's proceedings. (6 Am. & Eng. Ency. of Law, 587, 594, 595 ; *Matter of Cooper,* 93 N. Y. 507 ; *Matter of N. Y., L. & W. R. R. Co.,* 98 N. Y. 447 ; *Mayor, etc.,* v. *M. R. Co.,* 143 N. Y. 1 ; *Sentenis* v. *Ladew,* 140 N. Y. 463 ; *Conrad* v. *Trustees of Ithaca,* 16 N. Y. 158 ; *Hogan* v. *Mayor, etc.,* 68 N. Y. 17 ; *Matter of Sackett, D. & DeG. Sts.,* 74 N. Y. 95 ; *Sage* v. *City of Brooklyn,* 89 N. Y. 189 ; *Matter of Church,* 92 N. Y. 1 ; *Fleming* v. *Vil. of Suspension Bridge,* 92 N. Y. 368 ; *Genet* v. *City of Brooklyn,* 94 N. Y. 645 ; 99 N. Y. 296 ; *Matter of United States,* 96 N. Y. 237 ; *Matter of Mayor, etc.,* 99 N. Y. 577.) Plaintiff has failed to establish a cause of action against the defendant. (*Cortelyou* v. *Van Brundt,*

2 Johns. 362; *Gidney* v. *Earl,* 12 Wend. 98; *Childs* v.
*Chappell,* 9 N. Y. 251; *Carpenter* v. *O. & S. R. R. Co.,* 24
N. Y. 655; *Wager* v. *Troy Union R. R. Co.,* 25 N. Y. 526;
Code Civ. Pro. § 1502; 3 Kent's Com. 419; *Hewlins* v.
*Shippam,* 5 Barn. & Cress. 221; Tyler on Ejectment, 37; 3
Wait's Act. & Def. 6, 9, 10; *Peck* v. *Smith,* 1 Conn. 132;
*Adams* v. *S. & W. R. R. Co.,* 11 Barb. 414; *Redfeld* v.
*Utica & S. R. R. Co.,* 25 Barb. 54; *Wilklow* v. *Lane,* 37
Barb. 244; *Lozier* v. *N. Y. C. R. R. Co.,* 42 Barb. 465; 6
Am. & Eng. Ency. of Law, 587; *Selden* v. *D. & H. C. Co.,*
29 N. Y. 634; *Miller* v. *A. & S. R. R. Co.,* 6 Hill, 61;
*Lahr* v. *M. E. R. Co.,* 104 N. Y. 268.)

*Per Curiam.* The plaintiff's action was in ejectment to
recover the possession of certain premises described in the
complaint, which the defendant had caused to be taken for
street purposes under condemnation proceedings. Those pro-
ceedings are attacked as having been illegally conducted, and
the claim is that the city gained no rights thereby to the lands
affected.

The difficulty in the way of maintaining this action consists
in certain facts which were found by the trial court. It
appears that, after the award had been made for the property
in the condemnation proceedings, the award was claimed by
the plaintiff, and that its right thereto was disputed by other
parties; whereupon the city, pursuant to a resolution of the
common council, deposited the amount in the custody of the
Supreme Court to abide the disposition of the adverse claims
thereto, as authorized by section 10 of title 7 of its charter.
(See *Patterson* v. *City of Binghamton,* 154 N. Y. 391.) It
cannot be said that the finding to that effect was not justified,
in view of the allegation of the complaint of the facts and the
admission in the answer.

A further finding is to the effect that, soon after the deposit
of the amount of the award, "the defendant lawfully and with
the assent of the plaintiff entered upon the land described in
the complaint, pursuant to the resolution of the common coun-

cil declaring their determination to make such improvement and street, and caused the said street to be opened, worked and used, which was the only possession of the said premises described in the complaint by the defendant." There was enough in the evidence to support this finding. Such was the opinion of the General Term and it is also ours. The plaintiff deeded to the city its own property, which had been taken under the condemnation proceedings and which next adjoined the property in question, and received the amount awarded therefor, thereby placing the defendant in possession for the purpose of opening the street. They also removed the building from the property in question, electing not to accept the appraised value thereof. These facts referred to appear in the decision of the trial judge as having been "found in pursuance of the stipulation of the respective attorneys in this action, upon the agreed facts in the findings of facts." In view of the facts thus established, the plaintiff could not claim to be entitled to maintain an action of ejectment. The plaintiff complains of these findings being in the case, as he does in regard to others, and insists that they should be stricken therefrom, under the terms of a certain stipulation. We can only deal with the case as presented. The case was made by the plaintiff for the General Term and for this court, and if findings are improperly or incorrectly contained therein, it should have moved in the Supreme Court for the correction of the case. That is something which this court cannot do.

If, however, as it may be inferred from the briefs, or the argument, the object of the complaint is, in this way, to insure the plaintiff's right to the disputed award, a ready way for its accomplishment was provided by the defendant's charter; as it was pointed out in our opinion in the *Patterson Case* (*supra*).

We see no reason for reversing the judgment appealed from, and it must, therefore, be affirmed, with costs.

All concur, except MARTIN, J., not sitting.

Judgment affirmed.