(67 App. Div. 354.)

## HOWARTH v. HOWARTH.

(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

1. PLEADING — COMPLAINT — CAUSE OF ACTION — SUFFICIENCY — POSSESSION OF LAND—CLOUD ON TITLE—PARTITION—EJECTMENT.

A complaint alleged that plaintiff and defendant were the only heirs and next of kin of a certain person, who died intestate, in possession and owner of certain real estate, and that after such person's death defendant fraudulently recorded what purported to be a deed of the land from the intestate to himself, executed prior to her death, which was not the deed of intestate, because it was forged, never delivered, or, if it was delivered, was obtained through defendant's undue influence on the intestate. *Held*, that the complaint, not showing who had possession of the land, stated no cause of action, since, as it did not allege possession in plaintiff, it was not to remove a cloud on title; nor was it in ejectment, and to remove a cloud as incidental relief, for it did not allege possession in defendant; nor was it in partition, for it did not show possession in one of the tenants in common.

2. SAME—CAUSES OF ACTION—IMPROPER JOINDER.

In alleging that the deed was forged, was never delivered, and, if delivered, was procured by defendant's undue influence on the intestate, plaintiff did not set out more than one cause of action, which was that the deed recorded was not the intestate's deed.

Appeal from trial term, Albany county.

Action by Stanley Howarth against John Howarth. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

The plaintiff's complaint states, in substance, that one Sarah L. Howarth, at her death, was in possession and ownership of certain real estate; that she died intestate, leaving the plaintiff and defendant as her only heirs and next of kin; that after the death of said intestate the defendant fraudulently caused to be recorded what purported to be a deed of the property in question from the intestate to himself, purporting to have been executed prior to the death of the intestate. It further alleged—First, that the pretended deed was not the deed of the intestate, because it was forged; secondly, that no such deed was ever delivered; thirdly, that, if the deed of the intestate

was delivered, it was obtained through undue influence exercised by the defendant upon the intestate. To this complaint the defendant demurred upon two grounds: First, that the complaint did not state facts sufficient to constitute a cause of action; secondly, that the causes of action were improperly united. This demurrer was sustained by the special term, the court finding that neither one of the three causes of action claimed to be stated was properly united with another. From the judgment entered upon this decision, this appeal is taken.

Argued before PARKER, P. J., and SMITH, KELLOGG, EDWARDS, and CHASE, JJ.

John Scanlon (Mark Cohn, of counsel), for appellant.
Rosin J. House (Learned Hand, of counsel), for respondent.

SMITH, J. While we do not agree with the learned judge at special term in the ground upon which he placed his decision, we nevertheless are of opinion that the demurrer was properly sustained by reason of the fact that the allegations of the complaint do not establish a cause of action. The plaintiff is not alleged to have been in possession of the premises. He therefore can bring no action to remove a cloud from title. See Moores v. Townshend, 102 N. Y. 387, 7 N. E. 401; Code Civ. Proc. § 1638. His action cannot be deemed one in ejectment, and to remove a cloud from title as incidental thereto, because there is no allegation that the defendant is in possession. The complaint lacks any allegation whatever as to who is in possession of the property. Non constat, the property may be in possession of a third party, who is willing to surrender, but who, whether or not ready to surrender, is not made a party to the action. This action cannot be maintained as an action of partition without showing possession in one of the tenants in common. For the failure, then, to show where is the possession of this property, we can find no cause of action stated in the complaint.

While these conclusions dispose of this appeal, as the plaintiff must amend his complaint, he is fairly entitled to our views upon the objections to his complaint found good by the special term. If such objections be valid, the plaintiff is required, first, to bring an action to set aside the deed as a forged deed. Upon failure to establish the forgery, he must bring another action to set aside the deed as not delivered. Upon failure to establish that fact, he must bring a third action, to set aside the deed as obtained through undue influence. If such practice be required of the plaintiff, the simplicity of modern procedure is subject to just criticism. The plaintiff has one objective point only. His claim is that the deed which has been fraudulently recorded by the defendant was not the intestate's deed, and, if not, his cause of action is established. The defendant is not misled. He has full knowledge of every fact upon which his claim rests. His defense rests upon the proposition that the intestate executed and delivered the deed of her own free will. It seems eminently proper that these three questions should be tried in a single action to test the defendant's right to the deed he claims.

And this right can, we think, be sustained upon authority. In Everitt v. Conklin, 90 N. Y., at page 645, one Copley, the plaintiff's

assignor, agreed with defendant to purchase the defendant's farm, he agreeing to pay therefor, three months after the date of the agreement, $10,000, upon which the defendant was to convey free of incumbrance. Within one month after the agreement was made Copley executed to the defendant a note of $500 for his accommodation, but with the agreement that the amount thereof might, if Copley desired, be deducted from the $10,000 payment. Thereafter, upon failure of the defendant to offer good title, Copley rescinded the contract. The defendant had transferred the note, and Copley was compelled to and did pay the same. The court submitted to the jury two questions—First, whether the note was an accommodation note, or made and delivered as a payment on the contract; second, if given as a payment, was there a failure to perform on defendant's part which justified Copley in rescinding? The court charged, in substance, that in either event, if the note was simply an accommodation note, or if it was a payment, and the contract was rescinded by reason of defendant's fraud, the plaintiff was entitled to recover. Upon defendant's appeal, Judge Finch, writing for the court of appeals, said:

"We agree with the learned counsel for the appellant in the fundamental propositions of his argument, that there was but a single cause of action stated in the complaint, and that it could not be displaced on the trial by one different and inconsistent with it, and not within the scope of the pleading. But we disagree with him as to what the essential cause of action stated in the complaint really was. He describes it as an action to recover moneys paid on an accommodation note. We deem it an action for money had and received by the defendant to the use of the plaintiff's assignor, and which, ex aequo et bono, the defendant ought not to retain. The details of fact and the special circumstances which go to establish and prove this cause of action may be very various and differ widely, while yet such cause of action may remain the same. It was upon such a theory that the complaint was framed. Practically the plaintiff said: 'The defendant has got my money without any consideration, and without any legal or equitable right to retain it, and refuses to pay it back on demand; and this is true because I made and paid a note for his accommodation, and even if it should be found, as he is likely to claim, that the note was applied on a land contract, still I insist that my cause of action remains, and the money was mine, and not his, because I rescinded that contract as I lawfully might, and so am still entitled to recover for money had and received.' We can see no impropriety in such a mode of pleading. It states all the facts, and states them consistently with one cause of action and one right of recovery, whether the facts out of which it arose are found to be in accord with either the plaintiff's or the defendant's version of them. There is therefore no ground for the complaint that the trial court submitted to the jury the double question whether the note was accommodation paper, and if not, and found to have been applied on the contract, whether the latter had been lawfully rescinded for the failure of the defendant to perform, so that the cause of action to recover back the money paid remained; and it follows, also, that the trial court was right in refusing to require the plaintiff to elect whether he would proceed upon the theory of an accommodation note or that of a payment on the contract."

I am unable to distinguish the case at bar from the case cited. A single cause of action is stated,—one to remove a cloud from title. The pretended deed which the defendant claims is alleged to be worthless was forged. If the jury should find that it was not forged, the plaintiff still claims the right of recovery on the ground that it

was never delivered. If the jury should find that it was not forged, and that it was delivered, he still claims that the deed is invalid as not the free act of the intestate. This is not a case of inconsistent causes of action. One cause of action only is stated. If upon the trial the plaintiff should be driven from one position to the other there would not, in my judgment, be such inconsistency as to require him even to elect upon which ground he would stand.

Judgment affirmed, with costs. All concur.