### LETSON v. LETSON et al.

(Supreme Court, Appellate Division, Fourth Department. March 10, 1903.)

1. DEED—ACTION TO SET ASIDE—EQUITABLE JURISDICTION.

Where a father, during his lifetime, executed a deed on his land to one of his sons, which deed the son obtained possession of in an unlawful manner after the father's death, and placed on record, and thereupon a brother, claiming a one-fourth interest in the land as heir of the deceased, brought an action to have the deed set aside and the record thereof canceled, a court of equity has jurisdiction to grant the relief asked, even though the one bringing the action is not in possession of the premises.

Appeal from Special Term, Erie County.

Action by Levi S. Letson against Joseph E. Letson and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and NASH, JJ.

Wallace Thayer, for appellant.
John B. Richards, for respondents.

NASH, J. The plaintiff alleges in his complaint that he is the owner in fee simple of an undivided one-fourth of the premises described in the complaint; that his father, Myron H. Letson, died in the county of Erie May 16, 1902, intestate as to his real estate, and left, him surviving, as his only heirs at law and next of kin, the plaintiff and the defendants Joseph E. Letson and Clifford Letson,

his sons, and two grandchildren, the defendants Myron E. Kobe and Iva B. Kobe, children of a deceased daughter; and that his father, at the time of his death, was the owner in fee simple of the premises the title to which descended to his three children and two grandchildren; that the father, in his lifetime, executed a warranty deed of the premises to the defendant Joseph E. Letson, which was never delivered, but that after his father's death Joseph E. Letson unlawfully obtained possession of the deed, and caused the same to be recorded in Erie county clerk's office on the 19th day of May, 1902; wherefore the plaintiff asks judgment that the deed be declared void and the record thereof canceled, and for such other and further relief as to the court may seem just and proper.

The demurrer was sustained upon the authority of the case of Howarth v. Howarth, 67 App. Div. 354, 73 N. Y. Supp. 785, where, upon a similar state of facts alleged, it was held that the complaint was defective in not alleging that the plaintiff was in possession of the real estate as to which it was sought to maintain an action to remove a cloud upon the title. The court there seems to have considered the case of Moores v. Townshend, 102 N. Y. 387, 7 N. E. 401, as an authority for the proposition that an action to quiet the title to lands cannot be maintained by one who is not in possession. We think that the case cannot be so regarded. The plaintiff in that action claimed title under a referee's deed in partition, and, there being no proof or finding that any of the parties to the partition suit or their grantors ever had title or possession of the premises, it was held that the proofs and findings were entirely inadequate to establish any title in the plaintiff as against a stranger to the action in which the deed was given. Ruger, C. J., after disposing of the case upon that ground, said:

"It is further urged by the appellant that the facts disclosed on the trial did not show any right on the part of the respondent to equitable relief. We think this point also is well taken. The only ground alleged for the relief demanded was the want of an adequate remedy at law, and yet the facts stated showed presumptively the existence of such a remedy and the falsity of such averment. No reason is averred in the complaint why the plaintiff could not obtain all of the relief to which he was entitled by an action of ejectment, and an examination of the findings and evidence shows that none in fact existed. The complaint was manifestly insufficient in this respect." The opinion goes on to say: "We have been unable to find any case where a party out of possession has been allowed to sustain an action quia timet to remove a cloud upon title, except when it is especially authorized by statute, or when special circumstances existed affording grounds for equitable jurisdiction, aside from the mere allegation of legal title." And, after citing authorities: "In all the cases cited to the effect that equity will entertain jurisdiction to set aside assessments and conveyances as a cloud upon title, the party bringing the action was in possession of the property or other circumstances gave equitable jurisdiction." The cases of Lattin v. McCarty, 41 N. Y. 107, and Remington Paper Co. v. O'Dougherty, 81 N. Y. 474, he says, "have been cited to support the claim that actions to remove a cloud upon title and recover possession may be joined, and that courts of equity will entertain jurisdiction to give relief in such actions. We do not think that these cases sustain such a doctrine. In both of those cases special circumstances existed outside of the legal title and right to possession, which conferred the jurisdiction exercised." And, referring to Lattin v. McCarty, Judge Ruger said: "The action there was sustained solely upon the ground that the defendants held the legal title

by virtue of·a deed fraudulently obtained, and the possession by a fraudulent attornment by the tenant of the owner, and therefore ejectment could not have been maintained. These facts were held to give the equitable jurisdiction there exercised."

The same grounds for equitable jurisdiction and the same inability to determine the legal title in ejectment exist here as in the case of Lattin v. McCarty. The defendant Joseph has obtained title to the whole property by the alleged fraudulent conveyance. That instrument in part only affects the plaintiff, and therefore he has a remedy only as it affects his interest. He could not maintain a suit in ejectment against the fraudulent grantee, who is one only of several co-tenants, unless actually ousted by his act. The plaintiff, as in Lattin v. McCarty, has no remedy except in equity, and therefore it may be held here, as ·it was there, that although not in possession equity has jurisdiction to grant the relief asked. The interlocutory judgment should therefore be reversed.

Interlocutory judgment reversed, with costs, and demurrer overruled, with costs, with leave to defendants to answer on payment of costs. All concur.