PAUCHOGUE LAND CORPORATION, Plaintiff, *v.* LONG ISLAND STATE PARK COMMISSION and ROBERT MOSES and Others, Individually and as Commissioners of Long Island State Park Commission, Defendants.

Supreme Court, Suffolk County, October 27, 1925.

Ejectment — action to recover possession of land appropriated by Long Island State Park Commission for park purposes pursuant to Laws of 1924, chap. 112 — action in ejectment entitling defendant to jury trial under Civil Practice Act, § 425, and Real Property Law, § 504 — ejectment proper remedy where one party enters upon and takes possession of real property of another — defendant entitled to trial by jury, though entry was made by public officers — issue of title raised by pleadings.

Plaintiff's action to have its title in certain lands, appropriated by the Long Island State Park Commission for park purposes pursuant to the provisions of chapter 112 of the Laws of 1924, recognized and to exclude the defendant Park Commission therefrom, is an action in ejectment, the issues of which are triable by a jury, within the meaning of section 425 of the Civil Practice Act and section 504 of the Real Property Law, where said Commission, before the commencement of the action, entered upon said premises, ousted the plaintiff therefrom, and has continued to remain in possession.

The fact that the property was acquired by public officials does not deprive the defendant of a trial by jury.

Notwithstanding the fact that plaintiff's complaint recites the essential allegations for equitable consideration, an issue of title to said premises is raised by defendant's answer which, after demanding that plaintiff's complaint be dismissed, sets up five affirmative defenses.

MOTION by defendants at Special Term for an order striking this case from the Special Term calendar and placing it upon the Trial Term calendar for trial by jury.

*Davies, Auerbach & Cornell* [*Charles H. Tuttle* of counsel], for the plaintiff.

*Engelhard, Pollak, Pitcher & Stern* [*Walter H. Pollak* and *George D. Carrington* of counsel], for the defendants.

DIKE, J.:

The question here arises under an order to show cause why the court should not make an order striking this case from the Special Term calendar of the Supreme Court, Suffolk county, and placing it upon the Trial Term calendar of said court for a trial by jury.

The motion is to be considered upon the summons and the amended complaint and the answer, which was interposed the day prior to the argument. The defendants move under article 1, section 2, of the State Constitution, sections 425 and 429 of the Civil Practice Act, and section 504 of the Real Property Law, to strike the case from the Special Term calendar of this court and to put it upon the jury calendar. It appears that the plaintiff is a corporation, which on December 1, 1924, obtained a deed to certain property in Suffolk county. This property is known generally and in a popular way as the Taylor estate. This deed to plaintiff was recorded in Suffolk county on December third. Defendants are the duly appointed members of the Long Island State Park Commission, created by the Laws of 1924, chapter 112. The defendants, by express provision of the Long Island Park Commission Act, were vested with the power to acquire title to lands for park purposes, and this could be done by " *appropriation.*" On December third the Governor of the State gave his written approval to the appropriation of this property by the Park Commission in the manner provided in the Long Island Park Commission Act, and in furtherance of certain official proceedings the entry and appropriation papers were filed in the office of the Secretary of State at Albany on December fourth. It is alleged by the plaintiff that the value of the property is in excess of $240,000 and that the Park Commission did not at that time or at the time of the execution of the amended complaint have that sum available to purchase this property, nor pay to the plaintiff the fair market value of said tract of land; that the seizure of said land by the defendants was in violation of the rights of the plaintiff; in excess of the powers which chapter 112 of the Laws of 1924 purports to confer upon the Long Island State Park Commission, and that, therefore, plaintiff's property so seized, as it alleges, was a taking without due process of law and without compensation and not for a public purpose, and constitutes an arbitrary and confiscatory act. I shall not attempt to make a more exact review of the forty-nine paragraphs of the complaint, which demands judgment finally decreeing the acts of the defendants to be illegal and void; that their notice of entry and appropriation, and the aforesaid resolution, description and certificate are void and canceled of record; that plaintiff's title in the aforesaid premises be recognized and confirmed; that the defendants be excluded from the said premises and enjoined from taking any further action or proceeding in regard thereto; that pending the hearing and determination of this action an injunction issue excluding the defendants from the said premises, and enjoining them from interfering with any

portion of the said property and from taking further action or proceedings therein. There was a further demand for a judicial assessment of damages. The case is now finally, and after grievous delay, at issue and an early determination of the merits of this controversy is most devoutly to be wished, as there are questions to be settled in which the public is deeply interested. The complaint, in effect, charges this Commission with high-handed and illegal acts in seizing property of a citizen without right, justification or authority. I have sought to facilitate the trial by directing an immediate examination of the plaintiff before trial, which should continue until completed, so that no further delay should be anticipated from that feature of the case, and it now becomes necessary to decide whether this case shall be tried in equity on October twenty-eighth, or at Trial Term before a jury at the December term of the Supreme Court, Suffolk county. The plaintiff, Pauchogue Land Corporation, urges that this is an action in equity, and that from time immemorial a court of equity has had special jurisdiction to restrain public officers from acting or continuing to act illegally in violation of the property rights of private citizens, and as to that general proposition I do not think there can be any argument. The case of *People* v. *Canal Board* (55 N. Y. 390) is cited, as is also *Flood* v. *Van Wormer* (147 id. 284). The plaintiff relies evidently upon the case of *Lattin* v. *McCarty* (41 N. Y. 107) as to what it stresses as controlling authority for the proposition that this action is properly in equity as an action to remove a cloud on title, and, therefore, that an immediate trial should be had in the equity side of the court. Is not, therefore, the real question here to be litigated an issue of title to real estate? This action is obviously an action by a plaintiff out of possession. Plaintiff admits it. Plaintiff asks to have his own title recognized and confirmed and to have the defendants, who are in possession, " excluded from the said premises." Have the defendants, therefore, under this brief statement of the facts, a constitutional right to a jury trial? The Constitution of the State provides (art. 1, § 2): " Trial by jury.— Sec. 2. The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever * * *." The Civil Practice Act, in section 425, under " Issues of fact triable by a jury," follows this constitutional provision: " In each of the following actions an issue of fact must be tried by a jury unless a jury trial is waived or a reference is directed: 1. An action in which the complaint demands judgment for a sum of money only. 2. An action of ejectment; for dower; for waste; for a nuisance; or to recover a chattel." Section 504 of the Real Property Law (as added by Laws of 1920, chap. 930) is of interest:

" Proceedings the same as in ejectment. Where an issue of fact is joined in an action brought as prescribed in this article, unless the defendant merely demands that the complaint be dismissed, if the defendant claims an estate in said property, the subsequent proceedings, including the trial, judgment and execution, are the same as if it was an action of ejectment, except as otherwise expressly provided by law * * *." The defendants rely upon the case of *City of Syracuse* v. *Hogan* (234 N. Y. 457), a case where the following question was certified to the Court of Appeals, " Are the defendants entitled to a trial by jury as a matter of right? " This case is one of great importance upon the problems arising in the instant case, and in the opinion Judge McLaughlin reiterated the rule that the court in such matters " looks to substance and not to form; [that] it determines from the allegations of the complaint and answer the issue to be tried." As was said by Judge McLaughlin: " The form of the action, however it may be disguised by words, allegations or the prayer for judgment, will not be permitted to mislead the court or divert its attention from the main issue to be determined. The prayer for judgment is not decisive and does not control the nature of the action. (*Wright* v. *Wright*, 54 N. Y. 437; *Williams* v. *Slote*, 70 N. Y. 601; *Wetmore* v. *Porter*, 92 N. Y. 76; *Leary* v. *Geller*, 224 N. Y. 56.)" And further: " An action to recover the possession of land, where the title thereto is disputed, has, so far as I am aware, always been triable by a jury and a defendant cannot be deprived of that right by allegations in a complaint that the plaintiff, if he establishes his title, is entitled to certain equitable relief. (*Bryan* v. *McGurk*, 200 N. Y. 332, 337.)" The defendants urge that the *City of Syracuse Case* (*supra*) is not only precise — it is in its essence *a fortiori* — authority. The case of *Lattin* v. *McCarty* (*supra*), upon which plaintiff relies, held that upon the state of facts there mentioned equity had jurisdiction to grant relief against the fraudulent deed and repossess the plaintiff of his premises. But the *Lattin* case is an exception to the rule. Plaintiff there did not have any legal title and so no right of ejectment. Equity assumed jurisdiction. The general rule is clearly set forth in *Moores* v. *Townshend* (102 N. Y. 387), where Ruger, Ch. J., said (at p. 393): " We have been unable to find any case where a party out of possession, has been allowed to sustain an action *quia timet* to remove a cloud upon title, except when it was specially authorized by statute, or when special circumstances existed affording grounds for equitable jurisdiction, aside from the mere allegation of legal title. Indeed, the right to resort to a court of equity in such cases was originally based upon the assumption that the legal title to the property had been established by an action at law, and juris-

diction was entertained solely for the purpose of protecting the party in the enjoyment of rights in possession thus legally established, and while the jurisdiction has in the course of time been somewhat extended, it has never been stretched to cover cases brought merely to establish a legal title, or *recover possession alone.*" (Italics mine.) And later (on p. 394): " The cases of *Lattin* v. *McCarty* (41 N. Y. 107) and *Remington Paper Co.* v. *O'Dougherty* (81 id. 474) have been cited to support the claim that actions to remove a cloud upon title, and recover possession may be joined, and that courts of equity will entertain jurisdiction to give relief in such actions. We do not think that those cases sustain such a doctrine. In both of those cases special circumstances existed outside of the legal title, and right to possession, which conferred the jurisdiction exercised." The " special circumstances " in those cases do not bring the instant case within the exceptions of those two cases above discussed. To reiterate, in the *Lattin Case* (*supra*) plaintiff was out of possession and had no title. In the instant case plaintiff claims the legal title, although it admits being out of possession. Plaintiff has urged other cases where the plaintiffs were in possession, which in that case obviously would not apply. The case of *Binghamton O. H. Co.* v. *City of Binghamton* (156 N. Y. 651) was a case where certain property was taken by a *municipality.* There the proceedings were attacked as having been illegally conducted and where it was claimed that the city gained no rights thereby to the lands affected. There the plaintiff's action was *in ejectment* to recover possession of the premises in question taken by the municipality. And in 1889, in the case of *Leprell* v. *Kleinschmidt* (112 N. Y. 364), RUGER, Ch. J. (at p. 369), said: " Whenever one person enters upon and takes permanent possession of the real property of another, claiming title thereto, whether it arises over a disputed boundary or otherwise, an unlawful entry and ouster has been made, for which an action of ejectment is the appropriate and only sufficient remedy." That this acquisition of the property in question was made by public officials I do not feel changes the rule, for it seems to me that if the owner has been ousted the question of title between the two becomes the paramount, dominant question and must be settled similar to an action of ejectment, and this view is sustained by authority. An action to compel the determination of a claim to real property does not lie unless the plaintiff be in possession at the time of the commencement of the action. This is a well-grounded rule in this State. In the present case plaintiff, not being in possession, but, as admitted by plaintiff, was ousted from said premises before the beginning of this action, and, therefore, it seems to me, plaintiff

**814** Pauchogue Land Corp. *v.* Long Island State Park Comm.

Supreme Court, October, 1925. [Vol. 125

must follow the rule and submit the issues to a jury. This view, it seems to me, is sustained by *Vanderveer Crossings* v. *Rapalje* (133 App. Div. 203); *Hill* v. *Mowbray* (146 id. 507); *Norris* v. *Hoffman* (133 id. 596; affd., 197 N. Y. 578) and *Bohn* v. *Hatch* (133 id. 64). See, also, the case of *Smith* v. *Ryan* (191 N. Y. 452), opinion by Cullen, Ch. J., who (on p. 459) said: " Finally, in *Van Deusen* v. *Sweet* (51 N. Y. 378) the Commission of Appeals squarely decided that the deed of an incompetent person could be avoided in an action of ejectment and that it was not necessary to resort to equity. That case, unless it is to be overruled, is decisive of the question before us. There, as in this case, the action was in ejectment, the complaint simply stating that the plaintiff was the owner in fee and entitled to the possession of the real estate therein described, and that the defendant unlawfully withheld possession thereof." And again, we find in the above discussion of Chief Judge Cullen a reiteration of the rule urging a trial by jury. What is the history of this complaint? On or about the 1st day of June, 1925, defendants asked for an order striking from this amended complaint certain allegations contained in three certain paragraphs of the said amended complaint. Mr. Justice Van Siclen denied this motion, and in his opinion said: " This action is brought in equity and that the forcible possession taken of its property by the defendant was unwarranted and illegal," and after further statement of his opinion denied the application. He had before him only the amended complaint, and his characterization of the action as one in equity was entirely justified, it seems to me, at that time. An appeal was taken by the defendants, which has thrown the argument over until the fall session of the Appellate Division, resulting in an unnecessary delay. The order entered upon the decision of Mr. Justice Van Siclen was sustained. (215 App. Div. ——.) The answer of defendants demands " not merely that the complaint be dismissed " (Real Prop. Law, § 504, as added by Laws of 1920, chap. 930), but sets up five affirmative defenses that clearly raise the issue of title to this real estate. It is not the plaintiff's prerogative alone to determine the forum of an action. A defendant may, by the answer, raise issues that compel the plaintiff to change the forum selected, and which, indeed, he may most desire. It seems to me that the answer brings this case squarely within the ambit of section 425 of the Civil Practice Act, and of section 504 of the Real Property Law. Is the plaintiff aggrieved or his rights imperilled by this determination? I do not feel that the plaintiff can justly feel aggrieved nor be without the fullest and amplest protection. The complaint has alleged all of the necessary claims for equitable consideration from this court. The question of

title may be determined before a jury, as I feel now that such a forum is the proper one to settle this puzzling controversy, and, if successful, they may have ample and complete equitable relief if put in possession to remove any cloud upon their title to the property in dispute.    A verdict in favor of the plaintiff would be followed naturally by complete relief from any unauthorized or illegal act by this defendant Commission.    In conclusion, I, therefore, grant the motion and direct that immediate steps be taken to place this cause upon the December term of the Supreme Court, Suffolk county, for a jury trial; that it be placed by the clerk of the court as the second case on said December calendar of jury trials — I already having set down another case as No. 1 on that calendar — and that this present case should be placed upon the calendar peremptorily against this defendant, as I feel that this question is one of profound interest to this community on Long Island, where at last a broad, and, I trust, a comprehensive plan, is to be adopted which may develop the counties on Long Island so as to be enjoyed by the increasing millions of the population and where the official acts may safeguard alike the public and the private interests involved.