ABRAHAM MUSHCART, Plaintiff, *v.* BERNARD SCHER, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, April 16, 1930.

*Jacob N. Broudy*, for the pla ntiff.

*Harold S. Budner*, for the defendant.

LEWIS, J. The plaintiff brings this action upon a written contract which reads in part: " 14. The parties hereto agree that should there be found more taxes due from the Abber Realty Co., Inc., either to the Federal Government or to the State Government for the period up to January 1, 1927, that then and in that event, the party of the second part will pay to the party of the first part, on demand, one-half of such additional taxes."

Upon the trial the plaintiff offers oral testimony to establish that what the parties intended was contrary to what the writing provides and that their real intent was that the party of the first part will pay to the party of the second part one-half of such additional taxes. What the plaintiff thus seeks is a reformation of the contract based upon either the scrivener's error or some other inadvertence.

Were this action instituted in the Supreme Court there could be no doubt that it would be well within the province of the court to take parol testimony and also receive evidence of the surrounding circumstances and if the proof warranted, accordingly reform the contract and award appropriate relief by way of damages.

Upon inquiry I find an ample precedent bearing a close resemblance to the instant case.

"The confusion arises from the fact that in two places, the words ' party of the second part ' are used, when, it is perfectly apparent from the surrounding circumstances and the acts of the parties ' the party of the first part ' was meant." (*Castelli* v. *Burns*, 156 App. Div. 200.) (See, also, *Lattin* v. *McCarty*, 41 N. Y. 107.)

The liberality with which the court has exercised this power is illustrated by some of the cases.

" Where there is no mistake as to the terms of an agreement but through a mistake of a scrivener or by any other inadvertence in reducing it to writing the instrument does not express the agreement actually made, it may be reformed by the court; it is where an action is to reform the agreement itself that it is necessary to

allege in the pleadings and prove on the trial that the mistake was mutual." (*MacDonald* v. *Crissey*, 215 N. Y. 609, at p. 616.)

" The court clearly erred in holding that the equitable defence or counterclaim, set up by the defendant, could not be tried in this action. That it could be, is too thoroughly settled to admit of further dispute. (*The New York Ice Company* v. *The North-western Ins. Co.*, 21 How. 296; *Dobson* v. *Pearce*, 12 N. Y. 156; *Phillip* v. *Gorham*, 17 id. 270; *Bartlett* v. *Judd*, 21 id. 200; *Lattin* v. *McCarty*, 41 id. 107.) " (*Pitcher* v. *Hennessey*, 48 N. Y. 415, at p. 422.)

Much as this court would like to feel itself warranted in entertaining jurisdiction, the language of the decisions indicates that cases of this kind involve the power to reform a contract and this I take it can only be found in the equity side of a court. Of course, were it a matter of defense the same problem would not confront me.

" Had the defendant asked to have the instrument reformed to accord with the real understanding of the parties, the mistake being due to an error of a scrivener, no doubt the relief could not have been had in the City Court, but as a defense the facts narrated were sufficient to show that the agreement introduced in evidence was not that of the parties, and that plaintiff was not entitled to recover thereon. *City of New York* v. *Dowd Lumber Co.*, 140 App. Div. 358; 125 N. Y. Supp. 394." (*Vieser* v. *Bellows*, 199 N. Y. Supp. 341, at p. 342.)

The court is, therefore, constrained to entertain the objections raised by the defendant. The evidence sought to be introduced is essential to sustain the plaintiff's cause of action. Hence without it he cannot prevail.

Motion by the defendant to dismiss the complaint is granted. Five days' stay.