JAMES H. HOOKER, Respondent, *v.* THE CITY OF ROCHESTER, Appellant.

In an equity action, where a question of fact covering the whole case is submitted to the jury, and the right to the equitable relief sought follows upon the adoption by the court of the findings of the jury, the court may at once, upon adoption of the finding, direct judgment without further trial.

In such case the omission of the court to make findings of fact and law is an irregularity merely; the remedy of the defeated party, if he is entitled to any relief, is by motion, not by appeal.

(Argued March 10, 1891; decided March 17, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1891, which affirmed a judgment in favor of plaintiff, entered upon a verdict and granting an injunction.

The following is the opinion in full:

"There seems to be no reasonable ground for this appeal. This was an equitable action for an injunction and for damages. The right of the plaintiff to damages has been adjudicated by three several judgments in his favor, received prior to the present one, based upon the same wrong, the cases differing only in respect of the period for which damages were given for the nuisance complained of. The right to an injunction follows as a matter of course from the continuing character of the injury, and this also has been adjudicated in other actions by other parties similarly situated. (*Chapman* v. *City of Rochester*, 110 N.Y. 273; *Jackson* v. *City of Rochester*, 35 N.Y. S. R. 73.)

"The sole ground of the appeal is that it was irregular for the judges at Special Term to make an order for judgment for the damages found by the jury, and for an injunction, without a trial of the question whether the plaintiff was entitled to equitable relief and a decision stating the findings of fact and law.

"There was but one issue of fact in the case and that was submitted to the jury and was found in favor of the plaintiff.

"The plaintiff's attorneys then moved at Special Term upon notice for judgment upon the verdict and for an injunction. The defendant's attorney on the hearing of the motion con-

tented himself with objecting simply, without suggesting that there was further evidence in the case or that there was any informality in the application.

. " The order for judgment recites that it was made on the pleadings, the verdict and the evidence in the case, and the court, without making any special findings, ordered judgment in favor of the plaintiff for damages as found by the jury and for an injunction, and pursuant thereto judgment was entered. The appeal is from the order and judgment.

" It must be assumed that the court adopted, as it had a right to do, the verdict of the jury upon the issue of fact. There was then nothing left to be tried. The verdict covered the whole ground of controversy on the facts, and the right of the plaintiff to an injunction followed upon the adoption by the court of the finding of the jury. (*Hammond* v. *Morgan*, 101 N. Y. 179; *Acker* v. *Leland*, 109 id. 5.)

" The correct practice was for the judge to have made a finding of fact and law, but this was an irregularity merely. The defendant's counsel did not so far as appears object to the form of procedure or make any request for a formal trial or findings. It would be the sheerest technicality to reverse the judgment or order for the reason suggested. If the defendant was entitled to any relief, the remedy was by motion.

" The judgment and order should be affirmed, with costs."

*Henry J. Sullivan* for appellant.

*Eugene Van Voorhis* for respondent.

ANDREWS, J., reads for affirmance.
All concur.
Order affirmed.