JEAN BARON et al., Respondents, v. ISIDORE S. KORN, Appellant.

*It seems* that an action in equity will lie to restrain the defendant from erecting a portion of a building on lands to which the plaintiff asserts and proves title, to compel the removal of so much of the foundation walls as had been constructed at the time of the commencement of the action, to cause the land to be restored to its former condition and to recover damages occasioned by the defendant's action, although the plaintiff has not previously established in an action at law his right to the *locus in quo.*

In such an action the defendant, to avail himself of the objection that plaintiff has an adequate remedy at law, must raise it by answer; after the parties have submitted to the jurisdiction of the court the plaintiff will not be turned out to seek his remedy elsewhere upon objection taken for the first time at the trial.

Reported below, 51 Hun, 401.

(Argued April 22, 1891; decided June 2, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 28, 1889,

which reversed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lewis Sanders* for appellant. The facts not being before the General Term, the reversal could only be on questions of law, and the order of reversal not being expressed to be upon the facts, such is its legal effect. The evidence not being returned, the presumption of law is that other evidence existed sustaining the judgment. (*Mailler* v. *E. P. Line,* 61 N. Y. 314.) Plaintiffs would not have been permitted at the trial to substitute one cause of action for another, requiring irreconcilable proof, and failing to prove the cause of action alleged and having judgment against them for such failure, they may not succeed upon appeal upon a cause of action nowhere suggested below. (*Salisbury* v. *Howe,* 87 N. Y. 134.) There was no title shown in plaintiffs to the *locus in quo.* (Code Civ. Pro. §§ 370, 371, 372.) If plaintiffs or their grantors intended to make adverse claim, they should have erected a fence running along the wall of the defendant's house and that would have been notice. (*Doolittle* v. *Tice,* 41 Barb. 181.) Whatever inchoate rights any one of plaintiff's grantors might have acquired to the strip in question by adverse possession, such grantor had the right to abandon, and did effectually abandon, when he conveyed, bounding the land conveyed on the east by land of John Oothout. (*Casey* v. *Julies,* 1 Gill. 496.) The remedy was by ejectment. (*Moores* v. *Townshend,* 102 N. Y. 393; *Campbell* v. *Seaman,* 63 id. 583; *Wallack* v. *Society,* 67 id. 28.)

*Carlisle Norwood, Jr.,* for respondents. To assert their rights, the plaintiffs were without any adequate remedy at law, and in such case, the Supreme Court had jurisdiction to give relief by a judgment containing a mandatory injunction. (*Corning* v. *T. I. & N. Factory,* 40 N. Y. 191; *Fox* v. *Fitz-*

*simmons*, 29 Hun, 574; *Wheelock* v. *Noonan*, 21 J. & S. 286; 108 N. Y. 79; *Creely* v. *B. S. B. Co.*, 103 Mass. 514; *South-mayd* v. *McLaughlin*, 9 C. E. Green, 181.)

PARKER, J. This is a suit in equity brought to restrain the defendant from erecting a portion of a building on lands to which plaintiffs asserted title; to compel the removal of so much of the foundation wall, as had been constructed at the time of the commencement of the action; to cause the land to be restored to its former condition; and for damages occasioned by the action of the defendant.

The defendant challenged plaintiffs' assertion of title, and alleged title in himself.

The *locus in quo* is a narrow strip of land nine inches in front on Bleecker street, by seventy-five feet deep, and constituted a part of an alley-way, two feet and eleven and one-half inches in width, occupied and used by the plaintiffs and their predecessors in title for many years prior to the commission of the acts by defendant of which plaintiffs complain.

The plaintiffs' lot, and defendant's lots, were formerly a part of the Bayard farm, which was surveyed and laid out into lots prior to 1818. On Bleecker street, between Macdougal and Sullivan streets, there were eight lots, with a frontage on Bleecker street each of 25 feet, and a depth of 100 feet.

The record title established by plaintiffs, commenced with a deed dated April 22, 1818, by which was conveyed four of such lots, commencing at Macdougal street and being a plot 100 feet square. The trial court has found that this deed did not convey any portion of the nine inches in controversy.

The defendant is the owner of the four remaining lots, and derives his title through John Oothout, to whom they were conveyed by deed, bearing date June 4, 1824, in which they were described as being bounded easterly by Sullivan, and southerly by Bleecker street, "containing together 100 feet on each of the four sides thereof."

Now while it is found that the deed of 1818, through which plaintiffs derive title, did not convey the lands in dispute, it

appears from the opinion both at Special and General Term, that those courts regarded the facts as establishing title thereto in the plaintiff, by adverse possessions, and with that view we concur.

As has already been stated John Oothout acquired title to the lots now owned by the defendant in 1824, thereafter, and on October 25, 1838, plaintiffs' lot was conveyed to Leavina Post, the dimensions given were 25 feet front on Bleecker street, with a depth of 75 feet, and its easterly boundary was described as being a lot of ground of John Oothout. This description was followed in the several succeeding conveyances, down to and including the deed to plaintiffs, which bears date March 20, 1883.

A two-story mansard roof, brick front house, had for more than 40 years stood on the lot, its width on Bleecker street being 22 feet and one-half inch; and the alley-way between it and the easterly wall of defendant's building was two feet eleven and one-half inches in width, together constituting a frontage of 25 feet, which accords with the frontage of said lot on Bleecker street, as given in all the deeds, including and subsequent to the deed of 1838.

More than 40 years prior to this action five houses were erected on the plot of ground now belonging to the defendant, the most easterly wall thereof constituting during such period the westerly boundary of the alley-way, as maintained and used by the plaintiffs and their predecessors. Such boundary was further maintained by a fence, which was a continuation of the line of the wall extending from the house towards the rear of the lots and to the easterly side of a shed, occupying the rear of the lot claimed by plaintiffs. Within the shed there was a partition wall built in line with the fence, commencing at a point inside the shed opposite the point where the fence met the shed on the outside. Back of the alley-way was a cistern on plaintiffs' premises, which extended easterly up to the line of the wall of defendant's house. There was a door at the entrance to the alley-way on Bleecker street, adjusted to the door frame; the westerly side of the

door frame was a strip of wood, fastened to the defendant's house; the door had a lock, and when locked the bolt went into such strip of wood. When the plaintiffs took possession under their deed the key of the alley-way door was given to them, and thereafter kept in their exclusive possession and control. The wall, fence and alley-way door left the defendant without means of access to any portion of the premises constituting the alley-way.

We have thus briefly alluded to some of the facts found by the trial court, which as we think are adequate to justify a finding, that title to the alley-way had, prior to the commencement of this action, been acquired by adverse possession.

While the trial court entertained the same view, it found as a conclusion of law * * * "that this court sitting in equity, has no jurisdiction of the cause of action sought to be proved in this suit;" and, therefore, directed judgment for the defendant.

Assuming plaintiffs' title to be established, the authority of the court in a suit in equity to interfere and prevent an appropriation of their lands to the use of another for building purposes cannot be longer questioned, not only for the purpose of avoiding multiplicity of actions, but also because they were without adequate remedy at law.

The plaintiff, Jean Baron, was a wholesale wine merchant and importer of wines, which he purchased in casks, using the alley-way for the purpose of conveying the casks from the street to the rear of the yard, thence they were taken into his cellar for bottling, and this the erection of defendant's wall would wholly prevent.

This special injury could not well be provided for by any rule of damages. Again, it would be impracticable, if not impossible, for the plaintiffs in ejectment to regain actual possession of that portion of the alley-way occupied by the wall.

The sheriff might not regard it as his duty to deliver possession by taking down the wall, which would burden him with the risk of injury to other portions of defendant's building, not included within the nine inches. But in equity, the

obligation to remove can be placed directly on the party who caused the wall to be erected, and it frequently affords preventive relief against the commission of trespasses, such as the excavation of complainants' soil by an adjoining owner; the destruction of his wall in building operations on adjacent premises, and the encroachment on his rights by the diversion of a stream of running water from its natural channel. (Story's Equity Jur. §§ 928, 929; High on Injunction, §§ 704, 707; *Creely* v. *Bay State Brick Co.*, 103 Mass. 514; *Corning* v. *Troy Iron & Nail Factory*, 40 N. Y. 191; *Fox* v. *Fitzsimons*, 29 Hun, 574; *Wheelock* v. *Noonan*, 108 N. Y. 179; *Avery* v. *N. Y. C. & H. R. R. R. Co.*, 106 id. 142.)

It appears to have been the view of the trial court that the circumstances of the case made it proper to refuse plaintiffs' relief in equity until after his right to the *locus in quo* had been established at law. Such is the general rule in courts of equity, but it has exceptions. (*T. & B. R. R. Co.* v. *B., H. T. & W. R. Co.*, 86 N. Y. 128.) Judge FINCH, speaking for this court in *Wheelock* v. *Noonan* (*supra*), said that "the modern system of trying equity cases makes the rule less important. * * * Indeed, I am inclined to deem it more of a rule of discretion than of jurisdiction."

If the question whether the plaintiff ought to have been required to establish his title in an action at law, were properly reviewable here, it need not be considered, because the defendant did not, by his answer, object that the plaintiffs had an adequate remedy at law. After parties have submitted to the jurisdiction of the court, the plaintiff will not be turned out to seek his remedy elsewhere, when the objection is taken for the first time at the trial. (*Grandin* v. *LeRoy*, 2 Paige, 509; *Wiswall* v. *Hall*, 3 id. 313; *LeRoy* v. *Platt*, 4 id. 77; *Cox* v. *James*, 45 N. Y. 557; *Town of Mentz* v. *Cook* 108 id. 504.)

The order should be affirmed.

All concur.

Order affirmed.