DANIEL J. LEARY, Appellant, *v.* FREDERICK GELLER, as Executor of MARY C. LEARY, Deceased, Respondent.

**Equity — misrepresentation of facts — action for reformation of assignment of interest in decedent's estate and release of administratrix induced by false statements — proper remedy cancellation of instruments, not reformation thereof.**

1. Equity will, in a proper case, avoid and set aside a transaction induced or procured through material misrepresentations and false statements although the statements and representations were honestly made with no intent to deceive.

2. Plaintiff relying upon statements made by his mother that his father, before his death, had transferred and delivered to her certain bonds and certificates of stock, had the stock transferred upon the books of the corporation to the name of his mother and assigned to her all of his interest in the personal estate of his father and executed a release discharging the estate and his mother, as administratrix thereof, from any claim for his distributive share. No consideration was given for either instrument. Afterward and upon her accounting as administratrix, plaintiff's mother admitted that the stock and bonds were part of her husband's estate. Plaintiff then began this action and asked for the reformation of said assignment and release. *Held*, that plaintiff is entitled to have the assignment and release set aside and canceled as having been procured and obtained by a misstatement regarding a very material fact. The complaint sets forth a cause of action for such relief and the fact that the proper relief is not demanded is, in this case, immaterial.

*Leary v. Geller,* 173 App. Div. 889, reversed.

(Argued May 5, 1918; decided June 4, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 31, 1916, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at Special Term. The defendant demurred to the plaintiff's complaint, which, upon motion, was overruled by the Special Term. The Appellate Division reversed the Special Term and sustained the demurrer, granting the plaintiff twenty days in which to serve an amended complaint upon the payment of costs. The plaintiff not complying with this order, final judgment of dismissal was thereafter entered which was affirmed by the Appellate Division and is the judgment now brought here for review.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John B. Stanchfield* for appellant. Even if the complaint fails to allege either a cause of action for the reformation of these instruments by reason of fraud and mistake or mutual mistake, the court, upon the allegations, could have granted the plaintiff relief under the well-settled rule that where a conveyance has covered more than the grantor intended, the court may grant relief to an innocent and mistaken grantor. (*Dambmann* v. *Schulting*, 75 N. Y. 55; *Hore* v. *Becker*, 12 Simons, 465; *Cholmondeley* v. *Clinton*, 2 Merivale, 172; *Baker* v. *Massey*, 50 Iowa, 399; *Battorf* v. *Lewis*, 121 Iowa, 27; *Benson* v. *Markoe*, 37 Minn. 30; *Diman* v. *Providence, etc., R. R. Co.*, 5 R. I. 130; *Dalany* v. *Rogers*, 50 Md. 524; *Hearne* v. *Marine Ins. Co.*, 20 Wall. 488, 491; *Hanis* v. *Pepperell*, L. R. 5 Eq. 1; *Brown* v. *Lamphear*, 35 Vt. 252.)

*Frederick Geller, Edward H. Blanc* and *John M. Enright* for respondent. The case was properly decided upon its merits. (*Kent* v. *Manchester*, 29 Barb. 595; *Curtis*

v. *Albee*, 167 N. Y. 360; *Paine* v. *Jones*, 75 N. Y. 593; *Eames Vacuum Brake Co.* v. *Prosser*, 88 Hun, 343; 157 N. Y. 289; *Duff* v. *Hutchinson*, 57 Hun, 152; *Avery* v. *E. L. Assur. Society*, 117 N. Y. 451; *Hearne* v. *Marine Ins. Co.*, 87 U. S. 488.)

CRANE, J. The prayer of the complaint has, no doubt, been somewhat misleading in this case. It asks for a reformation of an assignment and a release, whereas the remedy is a cancellation of these instruments in so far as they include the stocks in question. It may be, as stated in the opinion of the Appellate Division, that the reformation of an instrument can only be had for mutual mistake or actual fraud. We need not stop to discuss the point, as the complaint contains a sufficient cause of action for rescission or cancellation. Equity will, in a proper case, avoid and set aside a transaction induced or procured through material misrepresentations and false statements although the statements and representations were honestly made with no intent to deceive. (*Bloomquist* v. *Farson*, 222 N. Y. 375, 380; *Canadian Agency, Ltd.*, v. *Assets R. Co.*, 165 App. Div. 96.)

The complaint in this case states that John D. Leary died intestate on April 11, 1902. Shortly before his death, he owned and possessed certain shares of stock and bonds set forth and specified. The deceased was the father of the plaintiff Daniel J. Leary, and, with the aid of the plaintiff, had filled out the transfers printed upon the backs of the said certificates of stock in the name of Mary C. Leary, his wife, and signed his name thereto. After the father's death, the mother, Mary C. Leary, stated to her son Daniel that the deceased had given and delivered said securities to her and requested that he have the stocks transferred upon the books of the various corporations and new certificates issued in her name. The plaintiff, believing his mother's statements regarding

the delivery, complied with the request. Further, the complaint alleges that in sole reliance upon the representations made by Mary C. Leary that the stocks and bonds had been given and delivered to her by her husband, the plaintiff executed an assignment of all his interest in the personal property of his father and executed a release discharging the estate and the administratrix from any claim for his distributive share. No consideration was given for either instrument. Mary C. Leary was appointed administratrix of the estate of John D. Leary, deceased, and later, upon her accounting, admitted that she had not received the stocks and bonds from the deceased, that they had not been delivered to her, but at the time of John D.'s death were part of his personal estate. Cancellation of the instruments mentioned being refused, this action was brought.

As there was other personal property besides the stocks and bonds mentioned in the complaint, the pleader no doubt thought it necessary to ask for a reformation of these instruments as the plaintiff did not desire to withdraw or cancel his assignment and release in so far as they affected the other property. What he wants is the assignment of his distributive share in these stocks and bonds and the release to the estate set aside and canceled, as having been procured and obtained by a misstatement regarding a very material fact. The stocks and bonds, if in the possession of John D. Leary at the time of his death, passed to his estate; if they had been delivered by the deceased to his wife, they were her property. The statement made by her to the plaintiff that delivery had been made was vital upon the question of title. The plaintiff believed her and acted accordingly. If he were misled and the representations were false in fact, a cause of action exists in equity. The complaint sets forth such a case, and the fact that the proper relief is not demanded is, in this instance, quite immaterial. (*Wetmore*

*v. Porter,* 92 N. Y. 76; *Jones v. Gould,* 123 App. Div. 236.)

The judgments should be reversed and demurrer overruled, with costs in all courts, with leave to defendant to answer within twenty days after filing of remittitur upon payment of costs.

HISCOCK, Ch. J., CUDDEBACK, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Judgments reversed, etc.