CITY OF SYRACUSE, Respondent, *v.* THOMAS HOGAN, Appellant, Impleaded with Others.   (Action No. 1.)

**Real property — title — trial by jury — joinder of equitable causes of action with others purely legal does not deprive defendant of right of trial by jury — action to determine title to land in nature of ejectment — action to determine boundary line — right to trial by jury — plaintiff may recover in eject- ment all relief to which entitled — enforcement of judgment.**

1. The joinder of equitable causes of action with others purely legal does not deprive a defendant of the right of a trial by jury, nor does the fact that plaintiff has, as an incident to the main question to be deter- mined, asked for equitable relief, change the form of the action.

2. An action to determine and settle the title to a strip of land is brought within the statutory definition of an action in ejectment (Code Civ. Pro. § 3343, subd. 20; Civ. Pr. Act, § 7, subd. 8), and the defendant has a legal right to have the issues tried by a jury.   (Code Civ. Pro. § 968, subd. 2; Civ. Pr. Act, § 425, subd. 2; N. Y. Const. art. 1, § 2.)   Assuming that the real issue between the parties is the true location of the boundary line between adjoining owners it does not deprive the defendant of a jury trial.   (*Leprell* v. *Kleinschmidt*, 112 N. Y. 364, followed.)   The prayer for judgment is not decisive and does not control the nature of the action.

3. Plaintiff may recover in ejectment all the relief to which it is entitled.   The court can settle the title to the piece of land in dispute, and if a conclusion be reached that the plaintiff is the owner and entitled to possession, it can, as incidental to such judgment, award such damages against the defendant as will compensate the plaintiff for being kept out of possession (Code Civ. Pro. §§ 1496, 1497; Civ. Pr. Act, § 990), as well as for the expenses in removing encroachments upon such property and restoring it to such condition as it would have been if defendant had not wrongfully taken possession thereof (Code Civ. Pro. §§ 1660–1662; Real Prop. Law [Cons. Laws, ch. 50], § 529), and the judgment may be enforced by execution.   (Code Civ. Pro. § 1240; Civ. Pr. Act, § 504.)   If it cannot be enforced by exe- cution, then the defendant may be punished for contempt in refusing to comply with the judgment.   (Code Civ. Pro. § 1241; Civ. Pr. Act, § 505.)   (*Bryan* v. *McGurk*, 200 N. Y. 332, 337; *Leprell* v. *Klein- schmidt*, 112 N. Y. 364, followed.)

*City of Syracuse* v. *Hogan*, 201 App. Div. 874, reversed.

(Argued October 3, 1922; decided January 16, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 28, 1922, which affirmed an order of Special Term denying a motion to strike the above-entitled action from the Special Term calendar and send the same to a Trial Term for trial by jury

The following question was certified: " Are the defendants entitled to a trial by jury as a matter of right? "

*Thomas Hogan* and *Peter B. Cole* for appellant. The defendants were entitled to a jury trial as matter of right. The action in substance is one of ejectment; it is brought by a person out of possession against a person in possession to recover the possession of real property, and defendant is entitled to a right of trial by jury. (Code Civ. Pro. § 3343; *Hunter* v. *Willard,* 176 App. Div. 204; *Baker* v. *Carrington,* 34 Misc. Rep. 54; *Archibald* v. *N. Y. C. R. R. Co.,* 157 N. Y. 574, 579; *Halsey* v. *Gerdes,* 17 Abb. [N. C.] 395; *Staples* v. *Schnackenberg,* 148 App. Div. 161; *Neal* v. *Walter,* 128 App. Div. 827; *Whitman* v. *City of New York,* 85 App. Div. 468; *Gage* v. *Kaufman,* 133 U. S. 471; *Allen* v. *Gray,* 201 N. Y. 504; *McKeon* v. *Lee,* 51 N. Y. 300.)

*Frank J. Cregg, Corporation Counsel (Frank Hopkins* of counsel), for respondent. This is an action in equity to procure the removal of obstructions from one of the public streets of the city of Syracuse and to restore said street to public use as a street. (*Butler* v. *Frontier Tel. Co.,* 186 N. Y. 486; *Cagger* v. *Lansing,* 64 N. Y. 417; *Kelsey* v. *McTigue,* 171 App. Div. 877; *Swart* v. *Boughton,* 35 Hun, 281; *Peck* v. *N. Y. & N. J. Ry. Co.,* 85 N. Y. 246; *City of New York* v. *DePeyster,* 120 App. Div. 762; 190 N. Y. 547; *City of New York* v. *Rice,* 198 N. Y. 124; *City of New York* v. *U. S. T. Co.,* 116 App. Div. 349; *City of Niagara Falls* v. *N. Y. C. & H. R. R. R. Co.,* 168 N. Y. 610; *Village of Oxford* v. *Willoughby,* 181 N. Y. 160.)

The action is not one for determination of a claim to real property. (*O'Brien* v. *Gill*, 166 App. Div. 92; *Bohn* v. *Hatch*, 133 N. Y. 64; *Vanderveer Crossings* v. *Rapalje*, 133 App. Div. 203; *Lewis* v. *Howe*, 174 N. Y. 340.) The defendants on the allegations of their answer cannot demand a jury trial as a matter of right. (*Lang* v. *Benedict*, 73 N. Y. 12; *Burdick* v. *Chesebrough*, 94 App. Div. 532; *Williamson* v. *Wager*, 90 App. Div. 186; *Scofield* v. *Whitelegge*, 49 N. Y. 259; *Merchants Nat. Bank* v. *Kerby*, 55 Hun, 579; *Sheridan* v. *Jackson*, 72 N. Y. 170; *Sage* v. *Colver*, 147 N. Y. 241; *Lautermen* v. *B. Ry. Co.*, 28 N. J. Eq. 1; *Loggie* v. *Chandler*, 95 Me. 220; *Cockrell* v. *Gurley*, 26 Ala. 405.)

McLAUGHLIN, J. The appellant is the owner of a lot of land situate on the westerly side of South Salina street, a public highway in the city of Syracuse, a correct description of which is set out in the complaint and admitted in the answer.

The complaint alleges that South Salina street in front of said premises is and for more than one hundred years prior to the commencement of the action has been a public highway ninety-nine feet in width, dedicated to the use of the public for street purposes, and is one of the public streets of the city; that plaintiff is and at all times mentioned has been the owner in fee of South Salina street adjoining appellant's lot on the east, or the fee thereof has been in the people of the state of New York and plaintiff holds the same in trust for the use of the public; that it is its duty to keep the streets within its borders free from obstructions and cause the removal therefrom of all encroachments thereon, and that ordinances have been passed for that purpose; that on the 1st of December, 1913, appellant wrongfully and unlawfully took from one Church and wife a deed purporting to convey to him a strip of land twenty-nine feet in South Salina street adjoining his said premises on the east and extending

along the entire South Salina street front of appellant's lot, to which the grantors in said deed had no title; that appellant now asserts and claims title to said strip and has incumbered the same with permanent buildings and structures. Then follow allegations to the effect that the maintenance of such buildings and structures is illegal and unauthorized; that plaintiff has demanded that the same be removed, but that the appellant has neglected and refused to comply with such demand; and that other defendants have certain interests in said premises, either as tenants or mortgagees. The judgment demands, with other things, that appellant be perpetually enjoined and restrained from further maintaining said building and encroachments and that he be ordered and directed forthwith, at his own expense, to remove the same and restore the street and sidewalk in front of said premises to the condition they would be in if said buildings and encroachments were not thereon; that in case appellant fails in this respect that plaintiff be authorized to do so at his expense; that the deed from Church and wife to the appellant and the mortgages held by other defendants thereon be amended and reformed so as to exclude therefrom the strip in question.

The answer of the appellant, after admitting the ownership of the lot described in the complaint alleged to be owned by him, denied its other material allegations as to plaintiff's title in the strip of land conveyed to the appellant by Church and wife, and alleged that the appellant's grantors had a good title to said strip which they conveyed to him. The answer also set up as an affirmative defense that for a period of sixty-five years or more prior to the commencement of the action the appellant and his grantors and predecessors in title have been in possession of said twenty-nine-foot strip and have been in exclusive possession, control and occupancy thereof, and that their title thereto has not, until the commencement of this action, been disputed or questioned by the plaintiff.

The Statute of Limitations is also pleaded and other defenses, which it is unnecessary here to set forth.

After issue had been joined the plaintiff put the action on the Special Term calendar for trial. The appellant moved to have the same stricken therefrom, on the ground that it had been improperly placed thereon, since he, as a matter of right, was entitled to a jury trial. His motion was denied and then an appeal was taken by him to the Appellate Division, where the order was unanimously affirmed. Leave, however, was given to appeal to this court and the following question certified: "Are the defendants entitled to a trial by jury as a matter of right?"

If the appellant were entitled to have the issues tried by a jury as a matter of right, then the order appealed from is wrong and should be reversed; otherwise, it should be affirmed. The joinder of equitable causes of action with others purely legal does not deprive a defendant of the right of a trial by jury. (*Bradley* v. *Aldrich*, 40 N. Y. 504, 511.) An analysis of the complaint and answer indicates as it seems to me, as clearly as words can, that the main issue to be tried is the title to the twenty-nine-foot strip. The plaintiff alleges it has title and its right to immediate possession. Appellant denies that plaintiff has title and alleges he has the title and that he is rightfully in possession. The fact that plaintiff has, as an incident to the main question to be determined, asked for equitable relief, does not change the form of the action. The court looks to substance and not to form. It determines from the allegations of the complaint and answer the issue to be tried. The form of the action, however it may be disguised by words, allegations or the prayer for judgment, will not be permitted to mislead the court or divert its attention from the main issue to be determined. The prayer for judgment is not decisive and does not control the nature of the action. (*Wright* v. *Wright*, 54 N. Y. 437; *Williams* v. *Slote*, 70 N. Y. 601; *Wetmore* v. *Porter*, 92 N. Y. 76; *Leary* v. *Geller*, 224 N. Y. 56.)

No matter what may be said, the action is to determine and settle the title to the twenty-nine-foot strip. This being so, the action is brought within the statutory definition of an action in ejectment, which is, "An action to recover the immediate possession of real property." (Code of Civil Procedure, sec. 3343, subd. 20; Civil Practice Act, sec. 7, subd. 8.) The action being in ejectment the appellant had a legal right to have the issues tried by a jury. The statute so provides. (Code of Civil Procedure, sec. 968, subd. 2; Civil Practice Act, sec. 425, subd. 2.) The Constitution provides that the right of trial by jury in all cases in which it has been heretofore used shall remain inviolate. (Art. 1, sec. 2.) An action to recover the possession of land, where the title thereto is disputed, has, so far as I am aware, always been triable by a jury and a defendant cannot be deprived of that right by allegations in a complaint that the plaintiff, if he establishes his title, is entitled to certain equitable relief. (*Bryan* v. *McGurk*, 200 N. Y. 332, 337.) If the plaintiff succeeds upon the trial in establishing its title to the land in question, then the deed from Church and wife, and the mortgages given upon such strip, necessarily fall. In that event it requires no judicial decree to bring about such result. The judgment awarding plaintiff possession and decreeing that it has title is all that is necessary.

It is contended that the real issue between the parties is the true location of the boundary line between adjoining owners, that is, between South Salina street and appellant's lot. But assuming this to be so, it does not deprive the defendant of a jury trial. This court stated in *Leprell* v. *Kleinschmidt* (112 N. Y. 364) that it was not aware of any rule by which a dispute as to the true location of a boundary line between adjoining owners did not involve a question of title to real estate or constitute an exception to the characteristics of an action of ejectment or the remedies which that action affords.

It is suggested that the plaintiff cannot recover in this action all the relief to which it is entitled if it be held that it is in ejectment. I do not think this follows. The statute provides that: " In an action to recover real property, or the possession thereof, the plaintiff may demand in his complaint, and in a proper case recover, damages for withholding the property." (Code of Civil Procedure, secs. 1496, 1497; Civil Practice Act, sec. 990.) If there be involved in such action the expense of abating a nuisance or the removal of incumbrances, then the expenses of such abatement or removal, if proper allegations be inserted in the complaint, may be recovered (Code of Civil Procedure, secs. 1660–1662; Real Property Law [Cons. Laws, ch. 50], sec. 529) and the judgment may be enforced by execution. (Code of Civil Procedure, sec. 1240; Civil Practice Act, sec. 504.) If it cannot be enforced by execution, then the defendant may be punished for contempt in refusing to comply with the judgment. (Code of Civil Procedure, sec. 1241; Civil Practice Act, sec. 505.)

The Supreme Court has general jurisdiction in law and in equity and now there is only one form of a civil action. The distinction between actions at law and suits in equity and the forms of those actions has been abolished. (Code of Civil Procedure, sec. 3339; Civil Practice Act, sec. 8.) The court has jurisdiction in an action of ejectment to award the plaintiff all the relief to which it is entitled. It can settle the title to the piece of land in dispute and if a conclusion be reached that the plaintiff is the owner and entitled to possession, it can, as incidental to such judgment, award such damages against defendant as will compensate the plaintiff for being kept out of possession, as well as for the expenses in removing encroachments upon such property and restoring it to such condition as it would have been if defendant had not wrongfully taken possession thereof.

The order appealed from, therefore, should be reversed

and the motion to strike the cause from the Special Term calendar granted, with costs in all courts. The question certified is answered in the affirmative.

Cardozo, J. (dissenting). I am unable to concur in the opinion of the court.

1. This is not an action of ejectment. It is an action in equity to enjoin the obstruction of a highway. Ejectment furnishes *some* remedy, but not one complete and adequate. In an action at law, execution must direct the sheriff to deliver the possession of the property to the party thereto entitled (Code Civ. Pro. § 1373; Civ. Pr. Act, § 644). " The sheriff might not regard it as his duty to deliver possession by taking down the wall, which would burden him with the risk of injury to other portions of defendant's building " (*Baron* v. *Korn*, 127 N. Y. 224, 228). Even if he stood ready to assume the risk, he would expect the plaintiff to assume the cost. " In equity, the obligation to remove can be placed directly on the party who caused the wall to be erected " (*Baron* v. *Korn, supra*). An owner is entitled to the remedy that will place the risk and the cost upon the shoulders of the wrongdoer. We have so held in this court. (*Baron* v. *Korn, supra; Hahl* v. *Sugo,* 169 N. Y. 109, 116; cf. *Village of Oxford* v. *Willoughby,* 181 N. Y. 155; *City of N. Y.* v. *Rice,* 198 N. Y. 124). There are like decisions elsewhere (*Harrington* v. *McCarthy,* 169 Mass. 492, 494; *Lynch* v. *Union Institution for Savings,* 158 Mass. 394; 159 id. 306; 5 Pomeroy Eq. Jurisprudence and Equitable Remedies, §§ 4359, 4360).

2. Equitable remedies being necessary for the attainment of complete relief, there is no rule that a court of equity must wait until the suitor's title to the land has been first made out at law. Such a rule there may once have been. It may still prevail in other states. In this state it has been long abandoned (*Broistedt* v. *South Side R. R. Co. of L. I.,* 55 N. Y. 220; *Lacustrine Fertilizer*

Co. v. Lake Guano & F. Co., 82 N. Y. 476, 486; West Point Iron Co. v. Reymert, 45 N. Y. 703; Olmsted v. Loomis, 9 N. Y. 423, 432; Baron v. Korn, supra; Hahl v. Sugo, 169 N. Y. at pp. 116, 117; Hinckel v. Stevens, 17 App. Div. 279, 281). Whatever vestige of it survives, is at most a guide to discretion, not a restriction upon power (Wheelock v. Noonan, 108 N. Y. 179, 187; Baron v. Korn, supra). Our ruling in Hahl v. Sugo (supra) suggests that even the vestige is now extinct. We have left far in the distance the wasteful duplication of remedies and trials. We shall set the clock back many years if we return to it to-day.

The order should be affirmed, with costs, and the question certified answered in the negative.

All concur with McLAUGHLIN, J., except CARDOZO, POUND and CRANE, JJ., who dissent and concur in opinion by CARDOZO, J.

Orders reversed, etc.