RICHARD H. JOHNSON, Respondent, *v.* FRANCIS PURPURA, Appellant.

Third Department, March 14, 1924.

Ejectment — action to remove encroachment of defendant's building on plaintiff's land — provision in judgment directing defendant to remove encroachment within ninety days after service of certified copy of judgment unauthorized in law — provision stricken out on motion.

A provision in a judgment in an ejectment action brought to remove an encroachment of the defendant's building upon the plaintiff's land, providing that the defendant remove the encroachment within ninety days after the personal service of a certified copy of the judgment upon him, is unauthorized in law and unnecessary and must be stricken out, as such a judgment may be enforced by execution, and if it cannot be enforced by execution, the defendant may be punished for contempt in refusing to comply with the judgment.

HINMAN and McCANN, JJ., dissent, with opinion.

APPEAL by the defendant, Francis Purpura, from an order of the Supreme Court, made at the Franklin Special Term and entered in the office of the clerk of the county of Franklin on the 29th day of May, 1923, denying the defendant's motion to strike out the

whole or a part of the judgment entered in this action in said county clerk's office on or about the 7th day of May, 1923.

The action was brought to recover the possession of certain real property of the plaintiff upon which it was claimed the defendant had encroached by the erection thereon of a portion of the defendant's building. The part of the judgment sought to be stricken out reads as follows: " It is further adjudged and decreed that the defendant remove the encroachments of the said buildings and additions upon the plaintiff's lands within ninety days from the date of the service upon him personally of a certified copy of the judgment herein."

*F. Ferris Hewitt* [*Thomas F. McDermott* of counsel], for the appellant.

*Frederick G. Paddock,* for the respondent.

Per Curiam:

*City of Syracuse* v. *Hogan* (234 N. Y. 457) is a case in which the complaint cannot be distinguished in principle from that in the present case. The majority opinion of the court contains the following: " It is suggested that the plaintiff cannot recover in this action all the relief to which it is entitled if it be held that it is in ejectment. I do not think this follows. * * * The judgment may be enforced by execution. (Code of Civil Procedure, sec. 1240; Civil Practice Act, sec. 504.) If it cannot be enforced by execution, then the defendant may be punished for contempt in refusing to comply with the judgment. (Code of Civil Procedure, sec. 1241; Civil Practice Act, sec. 505.)" Therefore, the plaintiff does not need the provision in the judgment which is here being criticised. His right to contempt proceedings follows not from that provision but as a matter of right from the fact, if such be the fact, that he cannot enforce his judgment by execution. There is no warrant in the law for the provision in question. Being unauthorized and also unnecessary for the protection of the plaintiff's rights it may on the other hand be prejudicial to the defendant and should, therefore, be stricken out.

All concur, except Hinman, J., dissenting, with an opinion, in which McCann, J., concurs.

Hinman, J. (dissenting):

The plaintiff and the defendant are adjoining property owners. The complaint sets forth a description of the property which the plaintiff claims to own in fee. It alleges that the defendant is unlawfully in possession of a certain portion of it; that he is in

possession of the building upon said portion, which portion he is unlawfully withholding; that the plaintiff duly demanded possession of said portion of said premises and notified the defendant that his building encroached upon it but that the defendant refused to give such possession; that the plaintiff commenced the erection of a building and by reason of defendant's possession of said portion, and the encroachment, and his refusal to surrender, he has been damaged in the sum of ten dollars a day. The plaintiff demanded judgment (1) " for the possession of said portion of said premises;" (2) for $190 " damages for withholding same." The defendant in his answer denied the material allegations of the complaint and set up the defenses of adverse possession and laches. The case was tried before the court and a jury and a general verdict for the plaintiff was rendered by the jury. Upon the trial the evidence showed clearly that the defendant's building did encroach upon the plaintiff's premises as claimed in the complaint. The extent of the encroachment varied from a few inches upon the front of the lot to two feet four inches at the rear end of the main building. The proof also showed clearly that a sleeping porch in the rear encroached twelve inches at one end and fifteen inches at the other. The sole issue presented to the jury was that of adverse possession. No affirmative proof on this issue was presented by the defendant. The defendant did not request the submission to the jury of any issue as to laches or any other issue than that of adverse possession. The plaintiff proved that a man by the name of Kendall owned and occupied the defendant's lot from 1886 to 1911 when one Conrad owned it and who continued to own it until about 1920 when he deeded it to the defendant. The plaintiff proved that his predecessor in title, Severance, owned the plaintiff's premises from 1889 to 1896 and that while Severance was occupying said lot a survey was made; that Severance then discovered that the Kendall building, now the defendant's property, was over the line and encroached upon the Severance lot; that Severance called this to the attention of Kendall at which time Kendall said nothing about claiming or having any right to occupy the disputed land. The plaintiff also proved by the widow of Kendall, who had died in 1914, that she heard Kendall say that his building encroached upon the plaintiff's premises and that he would move it any time he was asked to do so. No witnesses were sworn by the defendant to contradict this testimony. The jury rendered a verdict in favor of the plaintiff. A judgment was entered upon this verdict which contained the following decree: " It is further adjudged and decreed that the defendant remove the encroachments of the said buildings and additions upon the

plaintiff's lands within ninety days from the date of the service upon him personally of a certified copy of the judgment herein."

The claim of the defendant is that this is an action at law in ejectment and that the court had no authority to enter such an equitable decree and that there are no findings of fact and conclusions of law to sustain said judgment. It is claimed by the defendant that inasmuch as the plaintiff has chosen to institute an action at law triable by a jury, the judgment could be enforced only by an execution and no equitable relief could be afforded. Upon the entry of this judgment the defendant made a motion to set aside the judgment on the ground that it is " improper, irregular and illegal " or to strike out the provision above quoted decreeing that the defendant remove the encroachments. The plaintiff contended that the judgment was consistent with the pleadings and the proof; that this was the only way in which the court could make effective the verdict of the jury; that the court had the power to grant any judgment consistent with the facts pleaded and proved; that the distinction between actions at law and suits in equity and the forms of those actions and suits have been abolished; and that the only issue of fact between the parties having been determined by the jury in favor of the plaintiff, the court, having both legal and equitable powers, could exercise its equitable powers to put the plaintiff in possession of his property in a case where an execution could not effectively accomplish that result. The court denied the defendant's motion and defendant appeals from the order of denial.

The forms of actions and the distinction between actions at law and suits in equity have been abolished. (Civ. Prac. Act, § 8.) There is now but one form of civil action and, provided the plaintiff alleges and proves some cause of action, whether at law or in equity, he is entitled to the appropriate judgment. (Civ. Prac. Act, §§ 8, 479; *Murtha* v. *Curley*, 90 N. Y. 372, 376.) While this is true and while, so far as ordinary procedure is concerned, many of the technicalities as to the proper selection of tribunal and the specific form of actions have been swept away, nevertheless the distinction between law and equity must still be observed in order to determine whether or not there is a right to trial by jury in a particular case. (N. Y. Const. art. 1, § 2; Civ. Prac. Act, §§ 425, 427, 429, 430; *Cole* v. *Reynolds*, 18 N. Y. 74.) Moreover, in the granting of relief the distinction also becomes important because in an action at law triable by jury the facts found by the verdict would ordinarily be insufficient to sustain other than a simple judgment such as is appropriate in an action at law.

In the present case the action proceeded ostensibly as one at

law. There was nothing in the complaint nor in the mode of trial adopted expressly indicating that equitable relief was to be sought. The prayer for relief included a demand for judgment "for the possession of said portion of said premises." It has been held that ejectment is the proper remedy on the facts alleged and proved. (*City of Syracuse* v. *Hogan*, 234 N. Y. 457.) Manifestly, however, ejectment followed by execution could not afford the relief required under the facts alleged and proved. The plaintiff alleged and proved that defendant's building encroached upon plaintiff's premises to the extent of this narrow strip of land. Obviously it would be impracticable, if not impossible, for the plaintiff by execution to regain actual possession of that narrow strip occupied by the wall of defendant's building. The sheriff, under an execution issued in such a legal action, could not be expected to take down the wall. Full relief could be obtained in equity. (*Baron* v. *Korn*, 127 N. Y. 224.)

The inquiry here is whether such equitable relief is available in an ejectment action and whether the pleading and procedure adopted by the plaintiff have been such as to preclude the equitable relief which has been granted in the judgment. According to the spirit of the reformed practice there can be no objection to the granting of equitable relief in case there are sufficient findings to support it and the defendant has not been deprived of any substantial right. The mere fact that the action proceeded as one at law would in such case be of no consequence. In this case the defendant secured a right of trial by jury. No prejudice resulted in that respect. Upon the same facts with some formal allegations and a demand for equitable relief, it was formerly held that the court would have had the right to try the case without a jury. (*Carroll* v. *Bullock*, 207 N. Y. 567; *Baron* v. *Korn*, 127 id. 224.) Considerable confusion formerly existed in the cases as to the right of a defendant to demand a jury trial where the plaintiff alleges a cause of action which would entitle him to both legal and equitable relief. "Proper discrimination has not always been made between single and several causes of action, as distinguished from different kinds of relief upon one cause of action." (*Hahl* v. *Sugo*, 169 N. Y. 109, 117.) It is now settled that the defendant has the right to demand a jury trial. (*City of Syracuse* v. *Hogan*, 234 N. Y. 457.) This question is not material here because trial by jury was accorded. The next question is whether there are sufficient facts found to sustain the judgment. Ordinarily in an equitable action the court makes findings of fact and conclusions of law. Here there are no findings but simply the general verdict of a jury. It has been held, however, that where a verdict

covers the whole ground of controversy on the facts, it will sustain appropriate equitable relief and that the absence of findings is merely an irregularity. (*Hooker* v. *City of Rochester*, 126 N. Y. 635; *Hammond* v. *Morgan*, 101 id. 179; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.,* 105 id. 319; *Acker* v. *Leland,* 109 id. 5.)

There is no question here as to the sufficiency of the evidence to sustain the verdict and the verdict covers the whole ground of controversy. The only issue raised by the defendant upon the trial was that of adverse possession. The defendant raised the issue of laches in his answer but did not press the issue upon the trial. No other equitable defense was raised or urged. Upon the motion of the defendant to set aside the judgment, the defendant did not suggest in his moving papers that he had any equitable defense, or that he was surprised or prejudiced in any way. It seems clear that no prejudice has resulted to the defendant. Undoubtedly the defendant was entitled to notice of the application for judgment but as he has moved to set the judgment aside or to amend it and has presented his claims upon that motion, there is no reason for sending the motion back for a rehearing. Also the irregularity that there are no findings was not called to the attention of the Special Term and as the absence of findings is merely an irregularity in this case, it is not necessary to send the case back on that account. (*Hooker* v. *City of Rochester*, 126 N. Y. 635.) The holding in the case of *Hahl* v. *Sugo* (169 N. Y. 109) is not contrary to these conclusions. That case was explained in *Carroll* v. *Bullock* (207 N. Y. 567). Moreover, it was suggested in the case of *Hahl* v. *Sugo* (*supra*) that the court might have granted equitable relief under circumstances substantially similar to the situation here presented. (*Hahl* v. *Sugo, supra,* 115.) In *City of Syracuse* v. *Hogan* (234 N. Y. 457) the question certified was whether the defendant in such an action as this is entitled to a jury trial as a matter of right. That question was answered in the affirmative. The court held that the defendant could not be deprived of his constitutional right to a trial by jury. (N. Y. Const. art. 1, § 2.) What was said as to the form of the judgment seems to relate to a particular issue in that case mentioned in a preceding sentence. The court said, moreover, in relation to the relief obtainable in ejectment that the judgment could be enforced by proceedings for contempt under the authority of the Civil Practice Act (§ 505), if it cannot be enforced by execution; that the court has jurisdiction in an action of ejectment to award the plaintiff all the relief to which it is entitled. That is precisely what has been done in the instant case. The court has properly concluded that the judgment cannot be enforced by execution.

Therefore, the court has directed the defendant to remove the structures, for the refusal to do which the court may punish for contempt. If proceedings to punish for contempt are to be relied upon, the judgment must direct the defendant to remove the structures. If the judgment did not direct him to remove the structures, there would be no direction of the court, the refusal to " obey " which would be punishable by contempt as prescribed in the Civil Practice Act, section 505.

I think the order should be affirmed.

McCANN, J., concurs.

Order reversed on the law, with ten dollars costs and disbursements, and motion to strike from the judgment the provision at folio 7 thereof, as quoted in the notice of motion, granted, without costs.