FRANCIS L. KOHLMAN, as Trustee in Bankruptcy of the Estate of FRANCIS L. STOTT, Appellant, *v.* S. PARKER BREMER and Others, Respondents.

First Department, April 30, 1926.

Trial — trial of issues at law — complaint contains one cause of action in equity and seven at law — case was noticed for trial at Special Term — defendant moved that causes at law be transferred to Trial Term — Civil Practice Act, § 429, authorizes order transferring issues and order should also have directed that issues be framed for trial by jury.

In an action by a trustee in bankruptcy in which the complaint set out one cause of action in equity and seven causes of action at law, which was noticed for trial by the plaintiff at Special Term, the defendants had the right to have the issues in the law actions tried by a jury and the court, under section 429 of the Civil Practice Act, properly directed that the causes of action at law be transferred to the Trial Term, but it should also have directed that the issues be framed for trial by jury.

APPEAL by the plaintiff, Francis L. Kohlman, as trustee, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of December, 1925, granting defendants' motion to transfer to the Trial Term the second, third, fourth, fifth, sixth, seventh and eighth causes of action set out in the complaint.

*Blandy, Mooney & Shipman* [*Wilber W. Chambers* of counsel; *Edmund L. Mooney* with him on the brief], for the appellant.

*Sobel & Brand* [*Samuel H. Kaufman* of counsel], for the respondents.

MARTIN, J. By this action the plaintiff, as trustee in bankruptcy of the estate of Francis L. Stott, seeks to recover from the defendants the sum of $914,331. The complaint contains eight counts. The plaintiff throughout the various proceedings in this action has contended that the first and principal cause of action is in equity, and that the remaining seven are at law.

The case was originally noticed for trial by plaintiff and placed on the Special Term calendar. The defendants moved to strike the cause from that calendar on the ground that all of the eight causes of action are at law, plaintiff conceding that the second to eighth are at law and contending that only the first is in equity. The defendants also asserted that the case should not have been placed on the Special Term calendar by reason of the joinder in one complaint of an equitable cause of action with legal causes. The motion

was denied and the order affirmed by this court. (215 App. Div. 699.) (See *City of Syracuse* v. *Hogan,* 234 N. Y. 457; *Bradley* v. *Ardrich,* 40 id. 504; *Wheelock* v. *Lee,* 74 id. 495, 500.) This motion was then made, and granted, to have the issues at law transferred to the Trial Term calendar.

The plaintiff now contends that the decision of the court below was erroneous, that defendants are not entitled as of right to a jury trial on the second to eighth causes of action, inclusive, though they might apply for an order framing issues under section 429 of the Civil Practice Act.

Section 429 of the Civil Practice Act provides for the manner in which issues are to be stated, as follows: " Upon the hearing of the application, the court must cause the issues, to the trial of which by a jury the party is entitled, to be distinctly and plainly stated. The subsequent proceedings are the same as where questions arising upon the issues are stated for trial by a jury, in a case, where neither party can, as of right, require such a trial; except that the finding of the jury upon such questions so stated is conclusive in the action unless the verdict is set aside, or a new trial is granted."

The second to eighth counts are for sums of money only, no contention to the contrary being made. That defendants are entitled to a jury trial in one form or another is virtually conceded. (*Bradley* v. *Aldrich,* 40 N. Y. 504, 511; *Wheelock* v. *Lee, supra.*) Plaintiff and not defendants coupled them with the alleged cause of action in equity.

Mr. Justice INGRAHAM, writing in a similar case (*Magnolia Metal Co.* v. *Drew,* 68 App. Div. 47, 48), said: "As to the second cause of action, however, we think either party is entitled, as a matter of right, to a trial of the issue presented."

The Civil Practice Act (§ 429) not only provides for a jury trial of separate questions of fact, but directs that the application is to be made upon notice for an order directing the questions arising upon such issues to be distinctly and plainly stated for trial. It specifically provides that upon application the court must cause the issues to be distinctly and plainly stated. It is indicated also that, whether a party is entitled to the order as of right or whether it should be granted in the discretion of the court, the issues are to be framed, this section providing that all subsequent proceedings are the same as where questions arising upon the issues are stated for trial by a jury.

In Nichols' New York Practice (Vol. 2, p. 2146) it is said: " If an equitable and a legal cause of action are joined in the complaint, the proper practice is to move for an order to frame the issues arising under the legal cause of action to be tried before a jury."

We are of the opinion that the proper course is to submit the questions to the jury on framed issues. That would seem to be the correct practice in view of the terms of section 429 of the Civil Practice Act. (See *Wheelock* v. *Lee*, 74 N. Y. 495; *City of Syracuse* v. *Hogan*, 234 id. 457; *Southack* v. *Central Trust Co.*, 62 App. Div. 260.)

We think that this motion should have been granted in its entirety under the prayer for general relief, with a direction for an order framing issues, the same to be distinctly and plainly stated for trial.

The order should be modified accordingly, with ten dollars costs and disbursements to the appellant.

CLARKE, P. J., DOWLING, FINCH and MCAVOY, JJ., concur.

Order modified as indicated in opinion, with ten dollars costs and disbursements to the appellant. Settle order on notice.