Sol Lavisch, as General Guardian of the Property and Estate of Sarah Maidman and Samuel Maidman, Infants, Appellant, v. Louis Schwartz and Another, Respondents, Impleaded with Frank Hatch, as Administrator, etc., of Dora Hatch, Deceased, Defendant.

Sol Lavisch, as General Guardian of the Property and Estate of Sarah Maidman and Samuel Maidman, Infants, Appellant, v. Annie Goldstein, Respondent, Impleaded with Frank Shultz and Others, Defendants.

Third Department, March 17, 1932.

*Harold J. O' Keeffe*, for the appellant.

*Snyder & Freedman* [*Louis Snyder* of counsel], for the respondents Louis Schwartz and Rebecca Schwartz.

*Samuel E. Goldstein*, for the respondent Annie Goldstein.

Rhodes, J. The principal question here involved is whether the plaintiff waived his right to a jury trial and consented to a trial by the court without a jury.

Two actions were brought against different defendants involving nuisance. In one action injunctive relief was demanded with incidental damages. By bringing the action in this form, plaintiff thereby submitted to have the issues tried by the court alone, or with the aid of the jury as the court in its discretion might determine according to the practice in equity cases. (*Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 105 N. Y. 319; *Miller* v. *Edison El. Ill. Co.*, 184 id. 17; *DiMenna* v. *Cooper & Evans Co.*, 220 id. 391.) The

other action, where damages only were sought, was an action at law (Civ. Prac. Act, § 425), and, therefore, the parties would have been entitled to a jury trial. (*McNulty* v. *Mt. Morris El. L. Co.*, 172 N. Y. 410; *City of Syracuse* v. *Hogan*, 234 id. 457.) By consent of all parties the two actions were tried together and a jury was drawn and sat throughout the trial. At the close of the case plaintiff's attorney requested that the issues be submitted to the jury in the action which sought damages only and which is above referred to as an action at law. This request was refused, and plaintiff excepted. Did plaintiff, by consenting to have the action at law tried with the action in equity, thereby waive his right to a jury trial and consent to a trial by the court? Section 426 of the Civil Practice Act provides that a party may waive his right to the trial of the issue of fact by a jury in any of the following modes: 1. By failing to appear at the trial. 2. By filing with the clerk a written waiver signed by the attorney for the party. 3. By an oral consent in open court entered in the minutes. 4. By moving the trial of the action, without a jury, or, if the adverse party so moves it, by failing to claim a trial by a jury, before the production of any evidence upon the trial. This section is a re-enactment of section 1009 of the Code of Civil Procedure. The provisions of said section of the Code were not exclusive, but the right might be waived in other ways. (*Mackellar* v. *Rogers*, 109 N. Y. 468; *Alfred University* v. *Frace*, 193 App. Div. 279.) It would seem that when plaintiff consented to have the action at law and the action in equity tried together in effect as one suit, this constituted a waiver of his right to a trial by jury of the issues involved in the action at law.

If the trial court had jurisdiction to determine the case without the aid of a jury, then there was sufficient evidence, though conflicting, to support the decisions and judgments rendered.

The judgments should be affirmed, with costs in one action.

. All concur, except HILL, J., who dissents and votes for reversal and a new trial on the ground that a trial by jury was improperly denied (Civ. Prac. Act, §§ 425, 426; *City of Syracuse* v. *Hogan*, 234 N. Y. 457) and that the right had not been waived (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34; *Newburger* v. *Lubell*, 257 id. 383, 387); and McNAMEE, J., who dissents and votes for a reversal of the judgments and for new trials, on the grounds that the common-law action and the equity action are founded on different sets of facts, are against different defendants, give rise to different forms of relief, and the plaintiff did not waive the right to a jury trial in the common-law action (Civ. Prac. Act, §§ 425, 426; *Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34, 37;

*City of Syracuse* v. *Hogan*, 234 id. 457, 461, *et seq.*) ; and on the ground that the trial judge did not dismiss the jury at the close of the trial on the theory that a jury trial had been waived by the plaintiff, but on his theory of the nature of the litigation; and on the further ground that the trial judge refused to award damages in either case to the plaintiff, on the erroneous theory that the plaintiff was not entitled to damages because he had procured a judgment against a third party, upon which nothing had been recovered.

Judgments affirmed, with costs in one action.