MATTHEW J. NATALE et al., Copartners Doing Business under the Name of " 80 CLUB ", Plaintiffs, *v.* JOSEPH MAZZUKI et al., Defendants.

Supreme Court, Special Term, Richmond County, May 12, 1950.

*C. Ernest Smith* and *James A. Dilkes* for plaintiffs.

*Meyer Lindner* for Joseph Mazzuki, defendant.

NORTON, J. Plaintiffs move to strike out the first, second and third affirmative defenses of the answer of the defendant, Joseph Mazzuki, as legally insufficient.

The action was brought for injunctive relief requiring defendants to remove a portion of the outside wall of their building which, plaintiffs assert, encroaches upon their real property, or for an alternative award of damages.

The first affirmative defense is based upon the provisions of subdivision 2 of section 992 of the Civil Practice Act and the averment that the alleged encroachment does not exceed the dimensions therein prescribed and that the action here was untimely brought under the provisions thereof.

Section 992 is part of article 63 of the Civil Practice Act entitled, "Action to Recover Real Property."

Section 990, to which section 992 refers, also relates to "an action to recover real property, or the possession thereof" (and provides that a plaintiff in such action may also recover damages for the withholding of the property).

Section 992 says (insofar as is pertinent herein), "Such an action cannot be maintained in either of the following cases: 1. * * * 2. Where in any city the real property consists of a strip of land not exceeding six inches in width * * * unless such action be commenced within one year after the completion of the erection of such wall," with the proviso that an action for damages may be brought "within the further period of one year."

This is the old action of ejectment, the term being discarded in New York (8 Carmody on New York Practice, § 133, p. 123; *Hahl* v. *Sugo,* 169 N. Y. 109). But many incidents of the old common-law action persist (8 Carmody on New York Practice, § 133, p. 124; *Hahl* v. *Sugo, supra; Schick* v. *Wolf,* 207 App. Div. 652).

"At common law only the right to possession was litigated and determined, but in New York the action has come to be the ordinary method of trying title to lands, although it still lies at the instance of one entitled to possession of land, though the question of title to the fee be not involved." (8 Carmody on New York Practice, § 134, p. 124, and cases cited.)

In *Hahl* v. *Sugo (supra)* it was indicated that an action brought under antecedent sections of the Civil Practice Act was not exclusively at law; that in proper case and upon proper showing plaintiff could have therein equitable relief.

In *Baron* v. *Korn* (127 N. Y. 224) plaintiff's right was sustained to sue in equity to restrain defendant from erecting a portion of his building upon a portion of land to which plaintiff claimed title; and to require defendant to remove the part of the building so encroaching. (This was on the theory, as pointed out at page 228, that plaintiff did not have an adequate remedy at law; also to avoid a multiplicity of suits.)

In *City of Syracuse* v. *Hogan* (234 N. Y. 457) plaintiff city sued to enjoin defendant from maintaining buildings on a street to which plaintiff claimed title and to require defendant to remove same. There was presented to the Court of Appeals the question of whether defendant was or was not entitled as of right to a jury trial. The court held that he was; that despite its equitable cloak the action was essentially one to test the title;

that it was, in substance, the old common-law action of eject-ment. It was held that plaintiff could get the equivalent of equitable relief in such an action by appropriate legal remedies (p. 463), such as a direction requiring defendant to abate the nuisance, or by an application to find the defendant in contempt.

This was a four to three decision with a strong dissent by CARDOZO, J.

To resolve the dilemma and confusion resulting from the decision in *City of Syracuse* (*supra*) the Legislature in 1942 enacted section 539 of the Real Property Law, [L. 1942, ch. 321] specifically giving a cause of action in equity to seek injunctive relief for the removal of encroachments upon real property. (Thus, in effect, restoring the law as it was in this State prior to the *City of Syracuse* decision.)

This section was adopted upon the recommendation of the Law Revision Commission, which, in a note (see 1942 Report of N. Y. Law Revision Commission, p. 778) stated that the remedy of ejectment was usually insufficient (despite the assertions made in *City of Syracuse*) and that the new law was designed to restore the rule as it had been recognized to exist in New York prior to the decision in the *City of Syracuse* case.

The note concludes: " The bill expressly preserves all equit-able powers of the court in its application, such as the power to balance the equities and to award damages in lieu of an injunc-tion in an appropriate case. It likewise leaves unaffected any existing statute or local law relating to encroaching structures."

The last comment refers to subdivision 2 of the statute which provides: " 2. This section shall not be deemed to repeal or modify any existing statute or local law relating to encroach-ing structures."

Section 992 of the Civil Practice Act (old Code Civ. Pro., § 1499) dealing with minor encroachments of building walls in a city was one of these.

Plaintiff's pleading herein complains of an unlawful encroach-ment of the southerly wall of defendant's building to the extent of approximately three inches for a depth of 50.25 feet on plain-tiff's property, constituting a continuous trespass on plaintiff's property.

It expressly asserts that plaintiff has no adequate remedy at law and prays judgment (after an adjudication of the asserted illegal trespass and encroachment) that defendants be directed forthwith to remove same (mandatory injunction) or pay alter-native damages, etc.

Plaintiff concedes this to be an action brought pursuant to section 539 of the Real Property Law. Plaintiff claims, however, that section 992 of the Civil Practice Act (upon which defendant's first defense is founded) applies only to such an action as described in section 990 of the Civil Practice Act, to wit, " an action to recover real property, or the possession thereof " which, he continues, " is an action in ejectment and an action at law."

The Court of Appeals has taken a contrary view in *Carroll* v. *Bullock* (207 N. Y. 567, 573). Plaintiff says the expression in this case is an obiter dictum. I do not think it is dictum, but, if so, it is judicial dictum as distinguished from mere obiter dictum. (*Chance* v. *Guaranty Trust Co.*, 164 Misc. 346, affd. 251 App. Div. 855; see, also, *2525-7th Ave. Corp.* v. *Knight*, 260 App. Div. 733, 736.) The point actually decided in the *Carroll* case was that the cause, as finally submitted, being equitable, the court was the ultimate trier of the facts (despite a jury submission) and that the Appellate Division had a right, as it did, to review such facts and reverse a judgment rendered for plaintiff and send the matter back for retrial. If there had been no issue of fact the Appellate Division could not do this. The Court of Appeals found that there was a factual issue between the parties as to whether the encroachment was greater or less than six inches (p. 573) which was important in view of a defense based, as here, on subdivision 2 of section 1499 of the Code of Civil Procedure (now Civ. Prac. Act, § 992, subd. 2, as involved herein).

The Court of Appeals expressly held (p. 573): " If the encroachment was less than six inches, the case was within section 1499 of the Code of Civil Procedure, and, though the action was not one ' to recover real property ' a court of equity would refuse a mandatory injunction " (precisely the relief here sought).

The motion to strike out the first affirmative defense (on the ground that the action being at law it is not interposable) is denied.

The second affirmative defense, as stated, is laches. Plaintiff complains that it is based on the assumption that the lapse of three years (although the limitations' period is ten) might establish this. The availability of a defense of laches is not affected by any statutory period of limitations.

Plaintiff claims also that the pleading of this defense is insufficiently factual.

The defense alleging that plaintiff " with notice of all the facts and acts of the defendant * * * refrained from commencing this action until May 3, 1949," is a sufficient compliance with the requirement for a recital of " ultimate facts "; the motion to strike out this defense likewise is denied.

The third defense, as stated, is that plaintiff has an adequate remedy at law. Such pleading in an equity action is proper. (*Ostrander* v. *Weber*, 114 N. Y. 95, 102; *Town of Mentz* v. *Cook*, 108 N. Y. 504, 508.) But even if the defense were available to the defendant under his general denial, it could be permitted to stand (*Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94, 98). A mere averment of the existence of an adequate legal remedy, admittedly, is not enough; it should have factual support beyond the factual presentation of the complaint. (*Levan* v. *American Safety Table Co.*, 222 App. Div. 110, 114; *Holland* v. *Grote*, 193 N. Y. 262, 270.) The averment as to the solvency of the defendant and his ability to respond in damages satisfies the requirements of the latter cases.

The motion to dismiss this defense is denied at this time, leaving the parties to their proof at the trial (see *Murray Oil Products Co.* v. *Hanover Fire Ins. Co.*, 261 App. Div. 809).

Therefore, the motion to strike out the defense is denied *in toto*.