ROYAL HAIR PIN CORPORATION, Plaintiff, *v.* RIESER COMPANY, INC., Defendant.

Supreme Court, Special Term, Kings County, May 24, 1962.

*Danahy & Delaney* for plaintiff. *Ostrow, Goldman & Sklaire* for defendant.

BENJAMIN BRENNER, J. Plaintiff has heretofore sought and procured arbitration of its claim that the defendant breached its contract to separately record the business of its Bob Pin Division from that of its remaining business. It obviously sought such arbitration to enforce the agreement and succeeded in procuring an award which required the separation of the books and records. However, still unsatisfied with defendant's continued failure to do so, following the award, plaintiff then commenced the within suit, the first two causes of which call for rescission of the contract. The Appellate Division of this

Department affirmed (15 A D 2d 539) an order upholding the sufficiency of those causes of the complaint based on fraud in the inducement of the agreement, thus holding that there was need for trial as to them, which trial was had before me in an equity part of this court.

*Scienter* is an essential element in an action for fraud or for fraudulent inducement of contract, as contrasted with a cause based on an innocent misrepresentation of existing fact, though both such actions may warrant rescission (*Leary* v. *Geller,* 224 N. Y. 56). It has been established to my satisfaction that this defendant did knowingly misrepresent its intention to separate the books and records, and that its failure to do so prevented. an adequate record for ready and accurate determination of plaintiff's share of profits from the Bob Pin Division. It was an intentional misrepresentation and, as was developed upon trial, it caused substantial harm to plaintiff's interest, though that harm was shown to be indefinite (*Jones Co.* v. *Burke,* 306 N. Y. 172). Consequently I do not agree with the arbitrators that plaintiff suffered no substantial damage thereby. While they found the books and records to be " operationally adequate,'' they also found them " unsystematic '' and " inaccurate '' and "not up to the standard plaintiff had the right to expect,'' so much so, that they revised the figures shown therein by adding thousands of dollars to plaintiff's profits. I also believe defendant's failure to live up to its representation on this score was at least one of the causes for the many conflicting statements as to profits for the same period. I am satisfied, too, that the defendant, from the very outset, never intended to separately establish and maintain the books and records, though it induced the plaintiff to enter into the agreement in reliance on its promise so to do.

It is equally clear, however, that the plaintiff had knowledge of the defendant's fraudulent intentions during the several years prior to its demand for arbitration. Despite defendant's repeated promises to correct its bookkeeping methods relative to the Bob Pin Division, the plaintiff's representative, an astute and knowledgeable officer, once a practicing attorney, had full and distinct knowledge of defendant's fraudulent inducement when he procured and participated in the arbitration, through which plaintiff sought to enforce the terms of the contract. The defense of waiver of fraud has therefore been satisfactorily proved. (*Milton L. Ehrlich, Inc.,* v. *Swiss Constr. Corp.,* 11 A D 2d 644; *Matter of Wrap-Vertiser Corp.,* 3 N Y 2d 17.)

Hence I find on the facts that plaintiff has established defendant's fraud and that the defendant has also established plain-

tiff's waiver of it. The remaining question is whether the defendant's fraud is a continuing one and whether it may assert plaintiff's waiver of it in a court of equity. While I am not bound by the findings of the arbitrators, nor their award and the order confirming it, I must perforce consider them to determine if the defendant has come into this court with hands sufficiently clean to enable it to assert and enforce its equitable plea that plaintiff has, through arbitration, waived its fraudulent inducement of the plaintiff to enter into the contract. As stated, the arbitrator's award was plainly critical of the defendant's bookkeeping methods and record keeping and the "standard by which they were maintained." The simple query is: Were those methods and standards altered or corrected in compliance with the award, so that the defendant may claim, in justice, that its fraud had ceased and that it may in good grace interpose its defense of plaintiff's waiver of it? If the answer is "No," then the equitable defense of waiver is inappropriate in a court of equity (McClintock, Equity [2d ed.], ch. 3, § 26, p. 65; *Minimax Gas Co.* v. *State ex rel. McCurdy*, 33 Ohio App. 501; *Witthoff* v. *Commercial Development & Inv. Co.*, 268 P. 31 [Idaho]; *Mitchell* v. *McEwen Associates*, 360 Ill. 278). Certainly, if an equitable cause were asserted by a plaintiff whose good faith is an issue, recovery therein would similarly not be possible (*Steinbruck* v. *Gazzara*, 15 A D 2d 507).

To show its good faith, the defendant cites the following corrective measures: (a) that the old practice of keeping separate columns and pages for the Bob Pin Division in the same books has ceased and physically separate books have been installed and maintained for ready and prompt reference to check the underlying basis for profit calculations; (b) to tighten control of sales by the Bob Pin Division, duplicate invoices for the division are kept separate and apart from those of its remaining business; (c) a record of cash discounts by purchasers from the division has been installed, putting an end to formulas and estimates. While I am not entirely satisfied that these corrections have halted defendant's rather doubtful bookkeeping and accounting methods and practices so as to give plaintiff an "honest count," they surely do represent a substantial improvement over previous methods and, in some measure, an attempt to comply with the award of the arbitrators. It cannot be said, therefore, that defendant's fraud is a continuing one or that defendant has come into a court of equity with unclean hands. The defendant may, accordingly, assert and insist on its defense of plaintiff's waiver of fraud.

It remains to be said that plaintiff may, of course, pursue its efforts for more satisfactory and basic changes in defendant's bookkeeping and accounting methods. The Supreme Court, New York County, has affirmed the award. While my findings can no more affect that affirmance than it has affected my findings of fraud, it may well be that the court may to some extent agree with me that further corrective steps need to be taken, in keeping with the spirit and intent of the award, to protect plaintiff's profits.

The defendant is accordingly entitled to judgment dismissing the first and second causes of action for rescission.