ROYAL HAIR PIN CORPORATION, Appellant, v. RIESER COMPANY, INC., Respondent.— In an action to rescind a written contract for the sale of a business and its assets and for other relief, the plaintiff seller appeals from so much of a judgment of the Supreme Court, Kings County, entered June 27, 1962 upon the opinion and decision of the court after a nonjury trial (see 35 Misc 2d 20), as dismissed the first and second causes of action set forth in the complaint. Pursuant to this court's order on a prior appeal (15 A D 2d 539), said judgment severed the third and fourth causes of action and stayed the trial thereof pending arbitration of the issues raised by said causes. Judgment, insofar as appealed from, affirmed, with costs. Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the findings at Special Term that defendant fraudulently induced the making of the contract in suit by misrepresentation of its intent to comply with the provision in said contract for its maintenance of separate books and records are erroneous. We find: (1) there was no such fraudulent inducement of the contract and (2) that the proof clearly established that inadequacies in the maintenance of books and records were not the product of a deliberate scheme formulated prior to contract. The circumstances show the defendant's intention to comply with the provision as to books and records and an honest difference of opinion as to such compliance, which constituted a minor factor only in the conflicting grievances of the parties. In any event, we believe the Special Term correctly held that plaintiff had waived its right to have recourse to rescission. As part of the contract, which became effective at the start of 1956, the individual who dominated the plaintiff seller was hired by defendant in conjunction with the continued operation of plaintiff's former business as a " division" of the defendant's business. Disputes arose almost immediately, including the dispute concerning the condition of the books and records. Three years after the making of the contract, the plaintiff demanded arbitration of such disputes, including the one concerning separability of books and records. At plaintiff's instance, in September, 1960, an award was made which, upon its motion, was confirmed by court order entered in February, 1961. Thereafter, five and a half years after the making of the contract, the present action for rescission was commenced. Having achieved an award on the basis of the contract's validity, the plaintiff now seeks to get what it can by way of rescission on the basis of the purported value of its assets as of the date of the contract. Plaintiff has long since waived that remedy (*Cobb* v. *Hatfield*, 46 N. Y. 533; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Conrow* v. *Little*, 115 N. Y. 387). Our affirmance on the prior appeal of the sufficiency of the complaint on its face and in the

absence of an answer (15 A D 2d |539) was in no sense an adjudication that the defendant was precluded from invoking the defenses of waiver and ratification. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.